☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  02/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Wave Computing, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Wave Semiconductor, Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 6 – 3 8 6 4 1 6 1 |

**4. Debtor's address**

**Principal place of business**

3201    Scott Blvd.
Number     Street

_____

Santa Clara         CA     95054-3008
City                State    ZIP Code

Santa Clara County
County

**Mailing address, if different from principal place of business**

_____
Number        Street

_____
P.O. Box

_____
City              State      ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____

_____
City              State      ZIP Code

**5. Debtor's website** (URL)    https://wavecomp.ai/

Case: 20-50682    Doc# 1    Filed: 04/27/20    Entered: 04/27/20 15:54:13    Page 1 of 18

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding  LLP)

❑ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

_5_ _1_ _9_ _1_

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7

❑ Chapter 9

☒ Chapter 11. *Check all that apply*:

❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

❑ A plan is being filed with this petition.

❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

❑ Yes.  District _____  When _____  Case number _____
                                                  MM / DD / YYYY

            District _____  When _____  Case number _____
                                                  MM / DD / YYYY

Case: 20-50682    Doc# 1    Filed: 04/27/20    Entered: 04/27/20 15:54:13    Page 2 of 18

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor ____See attached list._____   Relationship _____

District _____   When _____
                                                                                          MM  /  DD  / YYYY

Case number, if known _____

**11.  Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                                            Number          Street

_____

_____   _____ _____
City                                                                      State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |

**13.  Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.  Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Case: 20-50682   Doc# 1   Filed: 04/27/20   Entered: 04/27/20 15:54:13   Page 3 of 18

| Debtor | Wave Computing, Inc. | Case number (*if known*)_____ |
|---|---|---|

Name

| 15. **Estimated assets** | ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/27/2020
          MM / DD / YYYY

✗ /s/Lawrence R. Perkins

Signature of authorized representative of debtor

Lawrence R. Perkins

Printed name

Title  Chief Restructuring Officer

---

18. **Signature of attorney**

✗ /s/Samuel A. Newman

Signature of attorney for debtor

Date  04/27/2020
      MM / DD / YYYY

Samuel A. Newman

Printed name

Sidley Austin LLP

Firm name

555 West Fifth Street

Number        Street

| Los Angeles | CA | 90013 |
|---|---|---|
| City | State | ZIP Code |

| (213) 896-6000 | sam.newman@sidley.com |
|---|---|
| Contact phone | Email address |

| 217042 | CA |
|---|---|
| Bar number | State |

# LIST OF FILING ENTITIES

| Debtor | Relationship | District | Date |
|---|---|---|---|
| Wave Computing, Inc. | Parent | Northern District of California | 04/27/2020 |
| MIPS Tech, LLC | Subsidiary | Northern District of California | 04/27/2020 |
| MIPS Tech, Inc. | Subsidiary | Northern District of California | 04/27/2020 |
| Hellosoft, Inc. | Subsidiary | Northern District of California | 04/27/2020 |
| Caustic Graphic, Inc. | Subsidiary | Northern District of California | 04/27/2020 |
| Imagination Technologies, Inc. | Subsidiary | Northern District of California | 04/27/2020 |
| Wave Computing (UK) Limited | Subsidiary | Northern District of California | 04/27/2020 |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

In re:                                          )
                                                )
WAVE COMPUTING, INC.,                           )   Case No. 20-[_____]
                                                )
        Debtor.                                 )   Chapter 11
                                                )
                                                )
                                                )

## CORPORATE OWNERSHIP STATEMENT (FED. R. BANKR. P. 7001.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the undersigned authorized

officer for the above- captioned debtor, certifies that the following is a (are) corporation(s), other

than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any

class of the corporation's equity interests, or states that there are no entities to report under FRBP

7007.1:


Name:       **Tallwood III, L.P.**
Address:    325 Lytton Ave., Suite 4A
            Palo Alto, CA 94301


☐  None [*check if applicable*]


Dated: April 27, 2020

                                            /s/ _____
                                            Lawrence R. Perkins
                                            Chief Restructuring Officer

**PRIVILEGED AND CONFIDENTIAL**

**MINUTES OF THE MEETING OF**
**THE BOARD OF DIRECTORS OF**
**WAVE COMPUTING, INC.**

---

**April 26, 2020**

A telephonic meeting of the Board of Directors (the "**Board**") of Wave Computing, Inc., a Delaware corporation (the "**Company**"), was held beginning at approximately 2:00 P.M. PT on April 26, 2020, for which advance notice had been properly delivered to all Board members.

Present:               Desi Banatao (Director)
                              Diosdado Banatao (Director)
                              Ker Zhang (Director)
                              Tom FitzGerald (Director)
                              Sanjai Kohli (Acting President)
                              Lawrence Perkins (Chief Restructuring Officer)
                              Miles Staglik (SierraConstellation Partners LLC)
                              Bill Partridge (SierraConstellation Partners LLC)
                              David Bitterman (SierraConstellation Partners LLC)
                              Samuel Newman (Sidley Austin LLP)
                              Charles Persons (Sidley Austin LLP)
                              Vijay Sekhon (Sidley Austin LLP)

## I.    Quorum

Tom FitzGerald noted that notice of the meeting had been given to all those directors entitled to receive it and that a quorum was present and accordingly declared the meeting open.

## II.    Ratification of April 24, 2020 Board Minutes

Tom FitzGerald moved to approve and ratify the April 24, 2020 Board Minutes.  The members of the Board approved and ratified the April 24, 2020 Board Minutes.

## III.    General Business Updates

Lawrence Perkins confirmed that there have been no major changes since the April 24, 2020 Board meeting.

## IV.    Bankruptcy Process and Updates

Tom FitzGerald asked a question regarding the cash management motion.  Samuel Newman and Charles Persons responded.

Tom FitzGerald asked a question about the DIP Note.  Lawrence Perkins and Vijay Sekhon responded.

### V.  Governance Matters

Desi Banatao and Diosdado Banatao resigned from the Board effective as of 2:10 P.M. P.T., and left the telephonic Board meeting immediately thereafter.  It was confirmed that the Board now consists of only Tom FitzGerald and Ker Zhang.

After careful consideration of the Company Special Committee written consent attached hereto as Exhibit A, which written consent was produced at this meeting, the Board was satisfied that the relevant matters proposed are likely to promote the success of the Company for the benefit of its creditors as a whole.  Ker Zhang moved to approve and ratify the Special Committee written consent attached hereto as Exhibit A and Tom FitzGerald seconded.  The members of the Board approved and ratified the Special Committee written consent attached hereto as Exhibit A and all matters set forth therein.

### VI.  Data Imaging Plan

Tom FitzGerald asked a question regarding the Kroll Associates engagement letter.  Samuel Newman and Charles Persons responded.

### VII.  Updates on Settlements with Liabilities

Samuel Newman and Charles Persons updated the Board on the status of the Synopsys and Mentor Graphics Termination and Release Agreements.

### VIII.  Employee, Independent Contractor and Consultant Matters

Sanjai Kohli recused himself from the meeting.  Vijay Sekhon updated the Board on Sanjai Kohli's Amended and Restated Incentive Agreement.  Tom FitzGerald asked a question about the agreement.  Vijay Sekhon responded.  Tom FitzGerald moved to approve Sanjai Kohli's Amended and Restated Incentive Agreement.  The members of the Board approved.

Ker Zhang discussed matters relating to the Company's operations in China.

Ker Zhang resigned from the Board effective as of 2:25 P.M. P.T., and left the telephonic Board meeting immediately thereafter.  It was confirmed that the Board now consists of only Tom FitzGerald.

Tom FitzGerald moved to approve and ratify Ker Zhang's Consulting Agreement.  The members of the Board approved and ratified.

### IX.  Open for Other Topics

Tom FitzGerald asked a question about the voluntary petition for relief under chapter 11 of title 11 of the United States Code.  Samuel Newman responded.

Tom FitzGerald asked a question about public relations and messaging to employees with respect to the filing of the voluntary petition.  Lawrence Perkins responded.

DocuSign Envelope ID: 1A21DD28-C797-49A4-A555-D7BE54FC31A1

## X.    Adjournment

There being no further business before the Board, the meeting was adjourned at approximately 2:36 P.M. PT on April 26, 2020.

Submitted,

DocuSigned by:

*Tom FitzGerald*

4E08C9C549BB45A...

**Tom FitzGerald**

**EXHIBIT A**

**WRITTEN CONSENT
OF THE SPECIAL COMMITTEE
OF
WAVE COMPUTING, INC.**

April 26, 2020

The undersigned, being the sole member of the Special Committee of Wave Computing, Inc. (the "**Company**"), hereby irrevocably consents in writing, pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and the organizational documents of the Company, including the Special Committee Charter, to the following actions and adoption of the following resolutions by written consent in lieu of a meeting:

**WHEREAS**, the board of directors of the Company (the "**Board**") has formed a Special Committee (the "**Special Committee**") to approve, negotiate, execute and consummate, or reject, strategic options with respect to the Company, including but not limited to a sale, financing, restructuring, reorganization, recapitalization, bankruptcy, insolvency, or other transaction deemed necessary or desirable by such Special Committee, and have delegated to such Special Committee the authority to take all actions required with respect thereto;

**WHEREAS**, the undersigned, Tom FitzGerald ("**FitzGerald**") has been appointed as a member of the Board and been deemed to be an independent director, and the Board has appointed FitzGerald as the sole member of the Company's Special Committee;

**WHEREAS**, FitzGerald, as the sole member of the Special Committee (the "**Approving Party**"), has considered presentations by (x) the Company's management ("**Management**") on behalf of the Company and (y) the legal and financial advisors to the Company (collectively, the "**Advisors**") regarding the liabilities, liquidity situation and prospects of the Company, the strategic alternatives available to the Company, and the potential effects of the foregoing on the Company's business (collectively, the "**Strategic Alternatives**");

**WHEREAS**, the Approving Party has discussed the Strategic Alternatives with the Management and the Advisors and fully considered each of those alternatives available to the Company, and has determined that it is desirable and in the best interests of the Company, its creditors, and other interested parties that the Company (i) enter into the DIP Note (as defined below), and, subject to final documentation of the DIP Note (as defined below), (ii) file a voluntary petition (the "**Petition**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**");

**WHEREAS**, the Company desires to negotiate, execute, deliver, and perform under a Senior Secured Super-Priority Debtor-in-Possession Promissory Note, by and among the Company, MIPS Tech, Inc., Hellosoft, Inc., Wave Computing (UK) Limited, Imagination Technologies, Inc., Caustic Graphics, Inc., MIPS Tech, LLC (collectively, the "**Debtors**"), for the benefit of Tallwood Technology Partners LLC (together with its successors and assigns,

DocuSign Envelope ID: 1A21DD28-C797-49A4-A555-D7BE54FC31A1

"**Tallwood**" or the "**DIP Lender**") and Agent (as defined therein), as administrative agent and/or collateral agent for such DIP Lender (the "**DIP Note**"); and

WHEREAS, in connection with filing for relief under the provisions of chapter 11 of the Bankruptcy Code, the Company anticipates entering into certain ancillary agreements (the "**Ancillary Agreements**"), including the following documents:

1. The DIP Note, the current material terms of which have been presented to and heretofore reviewed by the Special Committee; and

2. Any and all other certificates, instruments, documents or agreements and acknowledgments deemed necessary or desirable by any of the Authorized Persons (as defined below) or contemplated by or required in connection with the consummation of the transactions contemplated by the DIP Note (such other certificates, instruments, documents or agreements and acknowledgments, together the "**DIP Note Documents**").

**NOW THEREFORE**, be it hereby:

**RESOLVED**, that it is advisable and in the best interests of the Company for the Authorized Persons, as advised by the Advisors, to negotiate to final documentation the Ancillary Agreements and the DIP Note Documents; and be it further

**RESOLVED**, that the Approving Party has determined that it is advisable and in the best interests of the Company, subject to final documentation of the DIP Note Documents, to enter into each of the Ancillary Agreements and to consummate the transactions contemplated by each of the foregoing; and be it further

**RESOLVED**, that the Approving Party has determined that it is advisable and in the best interests of the Company, to enter into each of the DIP Note Documents and to consummate the transactions contemplated by each of the foregoing in such form as may be approved by any Authorized Person, and that the execution and delivery thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Approving Party; and be it further

**RESOLVED**, that, upon final documentation thereof, the DIP Note Documents, the current material terms of which have been presented to the Special Committee, and the transactions contemplated thereby, be, and they hereby are, authorized, approved, and adopted and the execution, delivery and performance thereunder by the Company is hereby approved and authorized in all respects; and be it further

**RESOLVED**, that subject to final documentation of the DIP Note Documents, the Company shall be, and hereby is, authorized and directed to: (a) file the Petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it be further

**RESOLVED**, that FitzGerald, any officer of the Company, or any of their delegates (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company to: (a) enter into, in the name of and on behalf of the Company, the DIP Note Documents, upon final documentation and approval thereof by an Authorized Person, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof, and to take any and all actions necessary or advisable to advance the Company's rights and obligations therein; (b) take or cause to be taken any and all such actions and to negotiate, enter into, execute, and deliver from time to time any and all such acknowledgments, agreements, amendments, certificates, contracts, instruments, notices, statements, and other documents, or to effect any filings with any and all appropriate regulatory authorities, state, federal and foreign, as may be required or as any of such officers may deem necessary, appropriate, or advisable to carry out the transactions contemplated by, and the purposes and intent of, the foregoing resolutions; (c) verify and execute the Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, the Petition and make or cause to be made, prior to execution thereof, any modifications to the Petition or ancillary documents as any such Authorized Person, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (d) verify, execute, and file or cause to be filed all petitions, schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing; and (e) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve; and it be further

**RESOLVED**, that each of the Authorized Persons shall be, and hereby is, authorized to: (a) borrow funds from, provide guaranties to and undertake related steps with regard to the DIP Note Documents and (b) pay related fees and grant security interests in and liens upon, some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with the DIP Note Documents; and it be further

**RESOLVED**, that the Authorized Persons shall be, and each of them alone hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to (a) take actions and negotiate, or cause to be prepared and negotiated, and, subject to Bankruptcy Court approval as required, to execute, deliver, perform and cause the performance of any other agreements (including asset purchase agreements), certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of, and necessary to effectuate, any DIP Note Documents to which the Company is or will be a party and (b) request the Bankruptcy Court to approve the DIP Note Documents and for any related relief; and it be further

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons of the Company, each of the Authorized Persons of the Company or their designees shall be, and each of them acting alone hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents, including, without limitation, (a) organizational documents of certain subsidiaries or amendments and/or restatements thereof; (b) the authority to perform such further acts and deeds for and on behalf of the Company, as may be necessary, appropriate or advisable, in the judgment

of such officers, to carry out the transactions contemplated thereby; and (c) further resolutions authorizing or otherwise facilitating the matters described in these resolutions for any subsidiaries, and to pay all expenses, including taxes, consent payments, indemnities, and filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate or advisable; and it be further

**RESOLVED**, that the Authorized Persons be, and they hereby are, authorized to bind the Company for the purposes of the resolutions herein; and be it further

**RESOLVED**, that the Approving Party has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions or hereby waives any right to have received such notice; and be it further

**RESOLVED**, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements, or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted, and approved; and be it further

**RESOLVED**, that all acts and deeds of any director, officer, employee or agent of the Company on behalf of the Company taken prior to the date hereof to carry out the intent and accomplish the purposes of these resolutions are hereby approved, adopted, ratified and confirmed in all respects as the authorized acts and deeds of the Company.

[*Signature Page Follows*]

DocuSign Envelope ID: 1A21DD28-C797-49A4-A555-D7BE54FC31A1

**IN WITNESS WHEREOF**, the undersigned has executed this written consent to be effective as of the date first set forth above.

**WAVE COMPUTING, INC.**

By: _Tom FitzGerald_
Name: Tom FitzGerald
Title:   Sole member of Special Committee of the
Board of Directors

**Fill in this information to identify the case:**

Debtor name: Wave Computing, Inc., et al.

United States Bankruptcy Court for the: Northern District of California

Case number (if known): 20-_____

☐ Check if this is an
amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis          12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Water Tower Fee Owner PO Box 31001-2461 Pasadena CA 91110-2461 | Alisha Mays Alisha.Mays@colliers.com Tel: (408) 503-1209 | Landlord | ☐ C ☐ U ☐ D | | | $16,332,846.11 |
| 2 | Avago Technologies U.S. Inc. 1320 Ridder Park Drive San Jose CA 95131 | Jeff Masoian jeff.masoian@broadcom.com Tel: (408) 433-8000 | Accounts Payable | ☐ C ☐ U ☑ D | | | $12,500,000.00 |
| 3 | California Franchise Tax Board PO Box 942857 Sacramento CA 94257-0531 | No Contact Person Tel: (800) 852-5711 | Taxes | ☐ C ☐ U ☑ D | | | $12,106,438.00 |
| 4 | Synopsys, Inc PO Box 39000 Dept #01573 San Francisco CA 94139 | Joseph Karongo Joseph.Karongo@synopsys.com Tel: (650) 584-7490 | Accounts Payable | ☑ C ☐ U ☑ D | | | $7,541,627.00 |
| 5 | Internal Revenue Service 1301 Clay Street Suite 1040S Oakland CA 94612 | Gwendolyn K McManemy Tel: (314) 339-1413 Fax: (855) 526-8298 | Taxes | ☐ C ☐ U ☐ D | | | $2,008,292.00 |
| 6 | PFIL North America, Inc 32F-35F Tower One and Exchange Plaza Ayala Triangle, Ayala Avenue Makati City 1226 Philippines | delmundo.dje@ayala.com.ph | Convertible Note | ☑ C ☐ U ☐ D | | | $1,999,998.00 |
| 7 | Andes Technology USA Corp 2860 Zanker Rd Suite 104 San Jose CA 95134 | Emerson hsiao ehsiao@andestech.com Tel: (408) 203-4222 | Accounts Payable | ☑ C ☐ U ☑ D | | | $1,481,111.11 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | Drawbridge Realty Trust Three Embarcadero Center Suite 2310 San Francisco CA 94111-3737 | Bill Doyle bdoyle@drawbridgerealty.com Tel: (415) 529-3470 | Landlord | ☑ C ☐ U ☐ D | | | $1,194,114.63 |
| 9 | Avnet, Inc PO Box 100340 Pasadena CA 91189 | Scott Sekimura scott.Sekimura@Avnet.com Tel: (480) 643-8139 | Accounts Payable | ☐ C ☐ U ☐ D | | | $1,185,749.68 |
| 10 | RT-RK Narodnog Fronta 23a 21000 Novi Sad Serbia | Svetlana Vasiljevic Svetlana.Vasiljevic@rt-rk.com | Accounts Payable | ☐ C ☐ U ☐ D | | | $1,066,713.78 |
| 11 | Pillsbury Winthrop Shaw Pittman LLP 2550 Hanover Street Palo Alto CA 94304 | Gurpreet Bal gurpreet.bal@pillsburylaw.com | Accounts Payable | ☐ C ☐ U ☐ D | | | $634,320.73 |
| 12 | Mentor Graphics PO Box 3912 Carol Stream IL 60132-3912 | Sandie Beebe sandra_beebe@mentor.com Tel: (503) 685-1858 | Accounts Payable | ☐ C ☐ U ☐ D | | | $620,000.00 |
| 13 | Ernst & Young LLP PO Box 846793 Los Angeles CA 90084-6793 | Antonio J. Rebelo antonio.rebelo@ey.com Tel: (408) 947 4984 | Accounts Payable | ☐ C ☐ U ☐ D | | | $561,740.00 |
| 14 | Fungible 3201 Scott Blvd Santa Clara CA 95054 | Bobby Shoker bobby.shoker@fungible.com Tel: (669) 292-5522 | Accounts Payable | ☑ C ☐ U ☐ D | | | $396,209.00 |
| 15 | Cadence PO Box 202769 Dallas TX 75320-2769 | Wendy Lujan-Cavin wendy@cadence.com Tel: (801) 561-6509 | Accounts Payable | ☐ C ☐ U ☐ D | | | $391,911.00 |
| 16 | EnSilica India Pvt Ltd #2064, Siri Iris, 24th Main HSR Layout, 1st Sector Bengaluru 560102 India | PM Suresh pm.suresh@ensilica.com Tel: 91085 81968 | Accounts Payable | ☐ C ☐ U ☐ D | | | $391,468.00 |
| 17 | TargetCW 9475 Chesapeake Drive San Diego CA 92123 | Tim Seaboch tim.seaboch@targetcw.com Tel: (858) 810-3000 | Accounts Payable | ☐ C ☐ U ☐ D | | | $323,579.12 |
| 18 | Encore Semi Inc. 9444 Waples Street Suite 150 San Diego CA 92121 | Glennisha (Glenn) Wells glennisha@encoresemi.com Tel: (858) 225-7717 | Accounts Payable | ☐ C ☐ U ☐ D | | | $300,512.50 |
| 19 | Imperas Software Limited North Weston, Thame Oxfordshire OX9 2HA United Kingdom | Peter Lapidos finance@imperas.com | Accounts Payable | ☐ C ☐ U ☐ D | | | $153,500.00 |

Official Form 204   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims   Page 2

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | DLA Piper LLP (US) PO Box 75190 Baltimore MD 21275 | Sherl Horton sherl.horton@us.dlapiper.com Tel: (813) 498-6380 | Accounts Payable | ☐ C ☐ U ☐ D | | | $151,834.63 |
| 21 | KBM Office Equipment 160 West Santa Clara St Suite 102 San Jose CA 95113 | Uyen Dang uyen.dang@kbm-hogue.com Tel: (408) 213-5437 Fax: (408) 938-0699 | Accounts Payable | ☐ C ☐ U ☐ D | | | $145,321.91 |
| 22 | SurroundHD 12225 Prosser Dam Rd Truckee CA 96161 | Derek Meyer derek.meyer@surroundhd.com Tel: (650) 400-0018 | Accounts Payable | ☐ C ☐ U ☐ D | | | $140,000.00 |
| 23 | Asiczen Technologies India Pvt Ltd Suite #812, 8th Floor DLF Cybercity, Patia, Bhubaneswar Odisha 251024 India | Laxmikant Pattnaik lpattnaik@asiczen.com Tel: 91 9937144847 | Accounts Payable | ☐ C ☐ U ☐ D | | | $133,168.00 |
| 24 | Dr. Kurt Lauk Königsstr. 1A Stuttgart 70173 Germany | Dr. Kurt Lauk kjlauk@globecp.de | Convertible Note | ☑ C ☐ U ☐ D | | | $99,998.50 |
| 25 | Dennemeyer & Co., LLC 2 North Riverside Plaza Suite 1500 Chicago IL 60606 | Kathi HOWARD khoward@dennemeyer.com Tel: (312) 628-5557 | Accounts Payable | ☐ C ☐ U ☐ D | | | $89,239.45 |
| 26 | Chowmill, Inc 458 Esther Avenue Campbell CA 95008 | Mubeen Arbab mubeen@chowmill.com Tel: (408) 215-1304 | Accounts Payable | ☐ C ☐ U ☐ D | | | $87,532.73 |
| 27 | Sintegra, Inc 2328 Walsh Ave Suite E Santa Clara CA 95051 | Bharat Gohil bharat@sintegra.com Tel: (408) 529-5433 | Accounts Payable | ☐ C ☐ U ☐ D | | | $85,120.00 |
| 28 | Robert Half Management Resources PO Box 743295 Los Angeles CA 90074-3295 | Adam Fauvre adam.fauvre@rhmr.com Tel: (408) 271-1371 | Accounts Payable | ☐ C ☐ U ☐ D | | | $84,867.50 |
| 29 | Joshi Partners LLC 4527 Amiens Ave Freemont CA 94555 | Anand Joshi | Accounts Payable | ☐ C ☐ U ☐ D | | | $81,600.00 |
| 30 | Intel Corporation c/o MBG Consulting Mailstop OC2-137 4500 S. Dobson Rd Chandler AZ 85248 | Stu Bahanov S.Bahanov@MBGConsulting.com Tel: (312) 216-2525 | Accounts Payable | ☐ C ☐ U ☐ D | | | $75,142.57 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    Page 3

Debtor name: Wave Computing, Inc., et al.

United States Bankruptcy Court for the: Northern District of California

Case number (if known): 20-_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the* 30 *Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    04/27/2020
                      MM/DD/YYYY

✖ */s/Lawrence R. Perkins*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Signature of individual signing on behalf of debtor

Lawrence R. Perkins_____
Printed name

Chief Restructuring Officer_____
Position or relationship to debtor