MARTA E. VILLACORTA (NY SBN 4918280)
Assistant United States Trustee
JASON BLUMBERG (NY SBN 4055257)
Trial Attorney
JASON SHORTER (VA SBN 80929)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
280 South First Street, Ste. 268
San Jose, California 95113
Telephone: (408) 535-5525
Facsimile: (408) 535-5532
Email: jason.blumberg@usdoj.gov
Email: jason.b.shorter@usdoj.gov

Attorneys for Tracy Hope Davis,
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re: <br><br> **WAVE COMPUTING, INC., *et al.*,**[1] <br><br><br><br> *Debtors*. | Bankruptcy Case <br> No. 20-50682 MEH <br><br> Chapter 11 <br> (Lead Case) |

**OBJECTION OF THE UNITED STATES TRUSTEE TO**
**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) FOR ENTRY**
**OF AN ORDER AUTHORIZING THE SEALING OF EXHIBIT B TO**
**THE CRITICAL VENDOR MOTION**

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), objects to the Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a) and 107(b) for Entry of an Order Authorizing the Sealing of Exhibit B to the Critical Vendor Motion (hereinafter the "Seal

---

[1] The Debtors are: (i) Wave Computing, Inc. (Case No. 50682); (ii) MIPS Tech, Inc. (Case No. 20-50683); (iii) Hellosoft, Inc. (Case No. 20-50685); (iv) Wave Computing (UK) Limited (Case No. 20-50686); (v) Imagination Technologies, Inc. (Case No. 20-50689); (vi) Caustic Graphics, Inc. (Case No. 20-50690); and (vii) MIPS Tech, LLC (Case No. 20-50692). As described herein, a motion has been filed by these Debtors to jointly administer the entities pursuant to Federal Rule of Bankruptcy Procedure 1015(b). Hereinafter they are referred to collectively as the "Debtors".

1

Motion") [ECF No. 12]. In support of her Objection herein, the United States Trustee shows as follows:

**INTRODUCTION**

1. An underlying purpose of the Bankruptcy Code is to promote openness and transparency. The instant Motion to seal should be denied because the Debtor has failed to satisfy their legal burden to justify the sealing of a specific document which allegedly contains the names of five (5) vendors who may be unsecured creditors of this estate. Denial of the Motion to seal is also warranted because Debtors proffer insufficient factual support regarding their assertion that these vendors are "critical to their operations" and it is necessary to seal the document because "public revelation of their names would harm the Debtors' ability to negotiate with the same." This bankruptcy case is in the early stages. As of the date of this Objection, no committee has been appointed and no schedules have been filed. It is unknown whether these vendors are creditors of these estates. The Debtors should be required to disclose all information regarding related parties, especially, vendors that the Debtors propose to pay outside of a plan. Moreover, public access to the document the Debtors seek to seal not only ensures the public's ability to review court filings, but parties and other participants in these cases, are afforded the same opportunity. For these reasons and for the reasons set forth below, the United States Trustee objects to the approval of the Motion.

**A. Background**

2. The Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code on April 27, 2020 (the "Petition Date"). *See* ECF No. 1.

3. As of the date of this Objection, no official Committee of Unsecured Creditors has been appointed by the United States Trustee. *See* Bankruptcy Docket, *generally*.

4. A meeting of creditors under 11 U.S.C. § 341 is set for June 2, 2020. *See* Bankruptcy Docket, *generally*.

5. As of the date of this Objection, a trustee has not been appointed in the Debtors' case. *See* Bankruptcy Docket, *generally*.

6. On the Petition Date, the Debtors filed the Seal Motion and seek an exhibit sealed

from public access. See ECF No. 12.

7. The document referred to in the Seal Motion is said to consist of a list of five (5) vendors the Debtors deem "critical" because they "are not subject to executory contracts, are not easy or inexpensive to replace, and that termination of services by these vendors may cause immediate and irreparable harm to the Debtors' business." *Id*. at Pg. 4.

**B.     Jurisdiction and Standing**

7. Pursuant to 28 U.S.C. §586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of Bankruptcy Code. This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has public interest standing under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498,500 (6th Cir. 1990) (describing the U.S. Trustee's role).

8. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to raise and be heard on the Objection set forth herein.

**C.     Applicable Law and Authority**

The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978): "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is common law right of access to judicial proceedings and to inspect judicial records in civil matters. In *Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24 (2d Cir. 1994), the court stated the general rule as: "...a strong presumption of public access to court records... This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the integrity, quality, and respect in our judicial system." 21 F.3d 24, 26 (citations omitted). *See also, In re Continental Airlines*, 150 B.R. 334 (D. Del 1993), where the court noted, ...the strong presumption in favor of public access to judicial records and papers...". Accord, *In*

3

*re Foundation for New Era Philanthropy*, 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.*, 201, B.R. 703 (Bankr. S.D.N.Y. 1996).

Section 107(a) has been viewed as codifying the common law right of public access to court records. The statute provides:

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

Section 107(b)(1) provides limited exceptions to the statutory right of public access to certain specified kinds of information, and one of those exceptions is for "commercial information":

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; …

Federal Rule of Bankruptcy Procedure 9018 provides the procedural mechanism for seeking protective relief:

> "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . "

The burden is on a movant to demonstrate that the interest in secrecy outweighs the presumption in favor of access. *Bank of America Nat'l Trust & Savings Assoc. v. Hotel Rittenhouse Associates*, 800 F.2d 339, 344 (3d Cir. 1986); *In re Continental Airlines*, 150 B.R. 334, 340 (D. Del. 1993). "Evidence—not just argument—is required to support the extraordinary remedy of sealing." *In re Motors Liquidation Company*, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016 (citing *In re Dreier LLP*, 485 B.R. 821, 823 (finding that "conclusory statements in [a declaration] are not probative")). These burdens rest on a movant because the Courts and United States Trustee are charged to protect the public interest. *See e.g.; In re Motors Liquidation Co.*, 561 B.R. 36, 38 n.1 (Bankr. S.D.N.Y. 2016) ("[P]rivate parties rarely if ever object to another party's sealing

4

motion. The Court and the United States Trustee have generally been vigilant in protecting the public interest in public access to court records.").

"Confidential commercial information" is not a defined term within the Bankruptcy Code, but it has been addressed in the case law addressing Section 107(b)(1). "Confidential commercial information" is "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the [entity]." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (Walrath, J.) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994) and *Ad Hoc Protective Comm. For 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (9th B.A.P. 1982)). The disclosure of such information must "reasonably be expected to cause the entity commercial injury." *Alterra*, 353 B.R. at 75 (citing *In re Northstar Energy, Inc.,* 315 B.R. 425, 429 (Bank. E.D. Tex. 2004) and *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)). "Moreover, the Court must find that information contained in the . . . [documents] . . . 'is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'" *Alterra*, 353 B.R. at 75-76 (quoting *In re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996)). Information is not "'commercial' within the meaning of § 107(b) merely because it relate[s] to business affairs." *In re Northwest Airlines Corp.*, 363 B.R. 704, 706 (Bankr. S.D.N.Y. 2007). It must be "information which would give a competitor an unfair advantage." *Id*. (quoting *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 382 (Bankr. N.D. Ill. 1996).

The sealing analysis should also consider whether the filings are made pursuant to bankruptcy rules specifically requiring the public disclosure of information. *See Northwest Airlines*, 363 B.R. at 707-08 ("we start with the fact that Bankruptcy Rule 2019 is a disclosure rule"). *In re Foundation for New Era Philanthropy*, 1995 WL 478841 (Bankr. E.D. Pa. May 18, 1995) (disclosure of creditor list required under Fed. R. Bankr. P. 1007).

**D.    The Debtors Must Sustain Their Burden of Proof**

Before the Court acts upon the Debtors' Seal Motion, the Debtors must present evidence meeting the demanding burden their request carries. As set forth herein, the principle of

allowing public access to court records stands in contravention to the Debtors' request. The vendors these Debtors seek to pay are unsecured creditors of the estates of these Debtors. Public access not only ensures the public's ability to review court filings, but parties and other participants in these cases, are afforded the same opportunity. Public access to judicial records "is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." *See In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999).

Moreover, the Debtors' Seal Motion does not rest on a factual basis, as the same is not supported by a declaration sufficient to meet the exacting standard required. *See* ECF No. 12. Similarly, the Seal Motion references no case law or authority, other than reference to Section 107 itself, for the proposition that the information they seek to have sealed from public record should be accorded such treatment. *Id*. Accordingly, the Seal Motion should be denied.

Lastly, sealing documents like this so soon into a case strikes against fundamental fairness of the other participants involved. This case was filed less than twenty-four hours ago. ECF No. 1. As of the filing of this Objection, no official committee of unsecured creditors has been appointed. *See* Bankruptcy Docket, *generally*. As of the filing of this Objection, no trustee has been appointed in this case. Id. As of the filing of this Objection, no schedules or statements have been filed. *Id*. Finally, as of the filing of this Objection, only thirty (30) creditors, at most, have been notified of this case. *See e.g.;* ECF No. 2, Certificate of Service. These considerations should further outweigh the Seal Motion.

/ / /

/ / /

/ / /

## CONCLUSION

The Bankruptcy Code and Rules place narrow limits upon sealing documents. The requirements of the Bankruptcy Code and Rules express the necessary public interest in this matter requiring full disclosure.

WHEREFORE, the United States Trustee requests that the Court deny the Seal Motion and grant such other and further relief as the Court deems appropriate.

Dated: April 28, 2020         TRACY HOPE DAVIS
                              UNITED STATES TRUSTEE

                              By:/s/ Jason Shorter
                              JASON SHORTER
                              Trial Attorney for the United States Trustee