

SIDLEY AUSTIN LLP
Sam Newman (SBN 217042)
(sam.newman@sidley.com)
Julia Philips Roth (SBN 324987)
(julia.roth@sidley.com)
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

The following constitutes the order of the Court.
Signed: May 1, 2020

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

Charles M. Persons (*pro hac vice* pending)
(cpersons@sidley.com)
Juliana Hoffman (*pro hac vice* pending)
(jhoffman@sidley.com)
Jeri Leigh Miller (*pro hac vice* pending)
(jeri.miller@sidley.com)
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
Telephone: +1 214 981 3300
Facsimile: +1 214 981 3400

*Proposed Attorneys for Debtors and
Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WAVE COMPUTING, INC., *et al.*,<br><br>Debtors.[1] | Case No. 20-50682 (MEH)<br><br>Chapter 11 (Joint Administration Requested)<br><br>**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), AND 507, AND FED. R. BANKR. P. 6003 AND 6004 GRANTING AUTHORITY TO (I) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION AND (II) MAINTAIN EMPLOYEE BENEFIT PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS; (III) AUTHORIZE APPLICABLE BANKS AND** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Wave Computing, Inc. (4264), MIPS Tech, Inc. (8247), Hellosoft, Inc. (8640), Wave Computing (UK) Limited (None), Imagination Technologies, Inc. (6967), Caustic Graphics, Inc. (7272), and MIPS Tech, LLC (2161). The Debtors' mailing address is 3201 Scott Blvd, Santa Clara, CA 95054.

|   |   |
|---|---|
| ) | **OTHER FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS** |
| ) | |
| ) | Related to Dkt. No.: 9 |
| ) | |
| ) | Date: April 28, 2020 |
| ) | Time: 2:00 p.m. (Pacific Time) |
| ) | Ctrm: 11 |
| ) | Judge: Honorable M. Elaine Hammond |
| ) | United States Bankruptcy Court |
| ) | 280 South First St. |
| ) | San Jose, CA 95113-3099 |

Upon the motion (the "<u>Motion</u>"), dated April 27, 2020 of Wave Computing, Inc. ("<u>Wave</u>") and MIPS Tech, LLC ("<u>MIPS</u>"), as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), pursuant to sections 105(a), 363(b), and 507(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for interim and final authority to (i) pay, in their sole discretion, all prepetition amounts required under or related to the Prepetition Employee Obligations; *provided, however*, that no such amounts exceed $13,650 per Employee pursuant to Section 507(a)(4) of the Bankruptcy Code; and (ii) continue their Employee Wage and Benefits Programs as such were in effect as of the date hereof and as such may be modified, amended, or supplemented from time to time in the ordinary course of the Debtors' businesses, and (iii) honor and pay all administrative obligations in connection with (a) the Prepetition Employee Obligations, and (b) the Employee Wages and Benefits Programs; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "<u>Bankruptcy Local Rules</u>"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable under the circumstances, and it

appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the First Day Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.[2]

2. The Debtor is authorized, but not required to, in its sole discretion:

   a) to pay the prepetition wages and salaries owed to its Employees, including payroll in an amount up to the cap of $13,650 per Employee under Section 507(a)(4) of the Bankruptcy Code; and

   b) to pay any prepetition claims arising from the Debtor's Employee benefit plans and programs and otherwise honor, in the ordinary course of business, existing Employee benefit plans and programs and paid time off accruals, including medical and dental benefits and all related costs and expenses, as such policies were in effect as of the commencement of this bankruptcy case, even if so doing involves honoring prepetition claims.

3. Notwithstanding anything herein to the contrary, nothing in this Interim Order authorizes the Debtors to make any payments to any "insider" (as such term is defined in the Bankruptcy Code).

4. All Banks and other financial institutions are authorized and directed to receive, process, honor, and pay all checks presented for payment by the Debtors and to honor all fund transfer requests related to such obligations. The Banks shall not be liable to

---

[2] Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

any party on account of: (a) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (b) the honoring of any prepetition checks, drafts, wires, or ACH Payments in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wire, or ACH Payments; or (c) an innocent mistake made despite implementation of reasonable handling procedures.

5. Nothing in this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

6. Notwithstanding anything to the contrary contained in this Order, any payment made or other action taken by the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to any final orders regarding the Debtors' use of cash collateral and/or postpetition debtor-in possession financing facilities, approved by this Court in these Chapter 11 Cases (the "DIP Orders").

7. In the event of any inconsistency between the terms or conditions of this Order and the terms or conditions of the DIP Orders, the provisions of the DIP Orders shall govern and control.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

12. A final hearing to consider the relief requested in the Motion shall be held on June 3, 2020 at 10:15 a.m. (prevailing Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to May 27, 2020 by 4:00 p.m. (prevailing Pacific Time).

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

** END OF ORDER **

## COURT SERVICE LIST

ECF Participants