SIDLEY AUSTIN LLP
Samuel A. Newman (SBN 217042)
(sam.newman@sidley.com)
Genevieve G. Weiner (SBN 254272)
(gweiner@sidley.com)
Julia Philips Roth (SBN 324987)
(julia.roth@sidley.com)
555 West Fifth Street
Los Angeles, CA 90013
Telephone: 213.896.6000
Facsimile: 213.896.6600

SIDLEY AUSTIN LLP
Charles M. Persons (admitted *pro hac vice*)
(cpersons@sidley.com)
Juliana Hoffman (admitted *pro hac vice*)
(jhoffman@sidley.com)
Jeri Leigh Miller (admitted *pro hac vice*)
(jeri.miller@sidley.com)
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
Telephone: 214.981.3300
Facsimile: 214.981.3400

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re: | ) Case No. 20-50682 (MEH) |
| | ) |
| WAVE COMPUTING, INC., *et al.*, | ) Chapter 11 (Jointly Administered) |
| | ) |
| Debtors.[1] | ) **DECLARATION OF LAWRENCE R.** |
| | ) **PERKINS IN SUPPORT OF MOTION OF** |
| | ) **DEBTORS TO SHORTEN TIME FOR** |
| | ) **HEARING ON DEBTORS' MOTION FOR** |
| | ) **ENTRY OF AN ORDER (I) APPROVING** |
| | ) **BIDDING PROCEDURES IN** |
| | ) **CONNECTION WITH THE SALE OF** |
| | ) **SUBSTANTIALLY ALL OF THE** |
| | ) **DEBTORS' ASSETS; (II) APPROVING** |
| | ) **PROCEDURES FOR THE ASSUMPTION** |
| | ) **AND ASSIGNMENT OF EXECUTORY** |
| | ) **CONTRACTS AND UNEXPIRED** |

---

[1] The Debtors in these chapter 11 cases are Wave Computing, Inc., MIPS Tech, Inc., Hellosoft, Inc., Wave Computing (UK) Limited, Imagination Technologies, Inc., Caustic Graphics, Inc., and MIPS Tech, LLC. The Debtors' mailing address is 3201 Scott Blvd, Santa Clara, CA 95054.

I, Lawrence Perkins, declare:

1.     I am the Chief Executive Officer at SierraConstellation Partners LLC ("<u>SCP</u>") and the Chief Restructuring Officer to Wave Computing, Inc. ("<u>Wave</u>") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"). I make this declaration (the "<u>Declaration</u>") in support of the *Motion of Debtors Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing on Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "<u>Motion to Shorten Notice</u>")[2] filed by the Debtors on the same day herewith. In particular, I submit this Declaration in support of the Motion to Shorten Notice.

2.      The statements in this Declaration are, except as otherwise indicated, based on my personal knowledge or views, on information that I have obtained from the Debtors and their other advisors, from the Debtors' books and records, and from information obtained from SCP personnel working directly with me and under my supervision. I am not being specifically compensated for this testimony other than through payments to be received by SCP for my role as the Debtors' Chief Restructuring Officer. I am over the age of 18 years and am authorized to submit this Declaration. If I were called upon to testify, I could and would competently testify to the facts set forth herein.

3.     SCP, the Debtors and Armory Securities continued to market their assets for sale and determined the Debtors would proceed with an auction if the Debtors received one or more qualified bids in an amount in excess of $52,500,000, as set forth in the Plan and Disclosure Statement. As of

---

[2] Capitalized terms used but not otherwise define herein shall have the meaning ascribed to them in the Motion to Shorten Notice.

November 22, 2020—the initial bid deadline communicated to potential buyers by Armory Securities—no such bid had been receive.

4. In the first week of December, a prospective buyer has since submitted a highly attractive bid for the Debtors' assets. This bid, had it been received by the Initial Bid Deadline, would have caused the Debtors to seek Court approval of the bid, procedures to evaluate the bid and to seek overbids of this bid as contemplated by the Plan, which would have permitted the request to be made on ordinary notice. Unfortunately, the Stalking Horse Bidder did not present its bid until well after the Initial Bid Deadline.

5. Upon receiving the bid, the Debtors consulted with SCP, including myself, and the rest of their advisors, the Committee and the Debtors' various constituents, and have concluded that the bid offers value superior to that offered by the Restructuring and that an auction should be scheduled to permit higher and otherwise better bids to be solicited, including improved Restructuring terms. The Debtors have received indication from a variety of constituents that additional delay in the process of the reorganization will impair the business by disrupting the Debtors' relationships with key customers and employees. I believe, therefore, that it is necessary to hold the Auction, if at all, on or before December 18, 2020 to avoid material harm to the business and the value available to creditors.

6. Since the commencement of these Chapter 11 Cases, the Debtors have pursued a dual-track strategy involving either an equitization refinancing of the companies' current capital structure (the "Restructuring"), as described in more detail in the Plan, or a sale of substantially all of the assets to a third party. In furtherance of the sale track of this strategy, Armory Securities, LLC ("Armory Securities") was retained[3] as its investment banker in August 2020 to assist the Debtors in continuing to market their assets and establish a sale process designed to generate maximum value for all creditors and other parties in interest. At the same time, the Debtors, the Committee, and the DIP Lender, in consultation with me and SCP, engaged in negotiations in furtherance of the Restructuring.

7. Despite Armory having communicated to potential purchasers the liquidity and other commercial constraints that limited the timeframe for which the Debtors could continue to elicit offers,

---

[3] *See Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Retention and Employment of Armory Securities, LLC as Investment Banker to the Debtors Effective as of August 23, 2020* [Dkt. No. 688].

as of November the Debtors received no viable expressions of interest. As such, the Debtors proceeded to move forward with the Restructuring. It was only after solicitation commenced that the Debtors received the offer from the Stalking Horse Bidder to purchase substantially all of the Debtors' assets on terms superior to those of the Restructuring.

8. The Debtors, in consultation with their advisors and me, have determined that significant erosion of value will occur due to employee and/or customer attrition if the Debtors are unable to provide some degree of assurance to those constituencies regarding the future direction of the business. Therefore, I submit that the Bidding Procedures and timeline proposed herein appropriately balance the Debtors' need for expediency with the value-generating potential of an auction.

9. Second, due to the nature of the Debtors' primary assets (intellectual property and technology), I believe that a longer sale timeline runs the risk of diminishing their value, to the detriment of the Debtors' estates and their stakeholders.

10. Third, I believe that shortened notice of the hearing on the Bidding Procedures Motion is appropriate given the Debtors' prior and ongoing marketing efforts and the fact that all interested parties in these Chapter 11 Cases have been on notice of the possibility of a sale of the Debtors' assets since well before the filing of the Bidding Procedures Motion. As noted, SCP has worked with the Debtors to market their assets since before the Petition Date. Further, the potential Asset Sale was contemplated in the Debtors' Plan and Disclosure Statement (*see, e.g.*, Disclosure Statement, Art. II.B; Plan, Art. I.A.6), original versions of which were filed on October 15, 2020.[4]

11. Fourth, it will be beneficial to maximize the number of days between entry of the Bidding Procedures Order and the hearing on approval of the sale so that potential bidders will have sufficient time to formulate and submit their bids in accordance with the Court-approved Bidding Procedures. In other words, the sooner the bidding process is understood, the better it will be for all

---

[4] *See Chapter 11 Plan of Reorganization Joint Chapter 11 Plan of Reorganization for Wave Computing, Inc. and Its Debtor Affiliates Filed by Debtor Wave Computing, Inc.* [Dkt. No. 600] and *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization Joint Chapter 11 Plan of Reorganization for Wave Computing, Inc. and Its Debtor Affiliates Filed by Debtor Wave Computing, Inc.* [Dkt. No. 601].

parties, including the Debtors' estates, creditors, and other stakeholders. Thus, I believe that the bidding process is more likely to maximize value if the Hearing is held as soon as possible.

12.     Finally, I do not believe that any parties in interest will be materially prejudiced by the expedited Hearing. I believe that the Proposed Objection Deadline provides adequate notice and opportunity to raise any concerns which interested parties may have with respect to the Bidding Procedures Motion. I understand that the Bidding Procedures Motion does not seek approval of the Stalking Horse APA itself such that objections to any ultimate sale are preserved. The Bidding Procedures Motion instead seeks to outline procedures and implement an auction process to maximize the value of the Debtors' assets for the benefit of all constituents.

13.     No prior time modifications with respect to the Bidding Procedures Motion have been sought by the Debtors or provided by the Court.

14.     For the foregoing reasons, I believe it is in the best interests of the Debtors, their estates, and all parties in interest to have the Bidding Procedures Motion heard on an expedited basis as requested in the Motion to Shorten Notice.

Executed on this 10th day of December, 2020

/s/ *Lawrence R. Perkins*
Lawrence R. Perkins, Chief Executive Officer
SierraConstellation Partners, LLC