SIDLEY AUSTIN LLP
Samuel A. Newman (SBN 217042)
(sam.newman@sidley.com)
Genevieve G. Weiner (SBN 254272)
(gweiner@sidley.com)
Julia Philips Roth (SBN 324987)
(julia.roth@sidley.com)
555 West Fifth Street
Los Angeles, CA 90013
Telephone: 213.896.6000
Facsimile: 213.896.6600

SIDLEY AUSTIN LLP
Charles M. Persons (admitted *pro hac vice*)
(cpersons@sidley.com)
Juliana Hoffman (admitted *pro hac vice*)
(jhoffman@sidley.com)
Jeri Leigh Miller (admitted *pro hac vice*)
(jeri.miller@sidley.com)
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
Telephone: 214.981.3300
Facsimile: 214.981.3400

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>WAVE COMPUTING, INC., *et al.*,<br><br>Debtors.[1] | Case No. 20-50682 (MEH)<br>Chapter 11 (Jointly Administered)<br><br>**DECLARATION OF LAWRENCE R. PERKINS IN SUPPORT OF THE MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL EXHIBIT 2 TO THE DEBTORS' BIDDING PROCEDURES MOTION, AND (II) GRANTING RELATED RELIEF**<br><br>Related to Dkt. No.: 887 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Wave Computing, Inc., MIPS Tech, Inc., Hellosoft, Inc., Wave Computing (UK) Limited, Imagination Technologies, Inc., Caustic Graphics, Inc., and MIPS Tech, LLC. The Debtors' mailing address is 3201 Scott Blvd, Santa Clara, CA 95054.

1

I, Lawrence R. Perkins, being duly sworn, state the following under penalty of perjury:

1.  I am the Chief Executive Officer at SierraConstellation Partners ("SCP") and the Chief Restructuring Officer to Wave Computing, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). I have over 18 years of management consulting and advisory experience with distressed companies or companies undergoing transition and have served as a financial advisor to the Debtors since April 2020.

2.  The statements in this Declaration are, except as otherwise indicated, based on my personal knowledge or views, on information that I have obtained from the Debtors and their other advisors or from the Debtors' books and records, and from information obtained from SCP personnel working directly with me and under my supervision. I am not being specifically compensated for this testimony other than through payments to be received by SCP for my role as the Debtors' Chief Restructuring Officer. I am over the age of 18 years and am authorized to submit this Declaration. If I were called upon to testify, I could and would competently testify to the facts set forth herein.

3.  This Declaration is submitted in support of the *Motion of Debtors Pursuant to 11 U.S.C. § 105(a) and 107(b) for Entry of an Order Authorizing the Debtors to File Under Seal the Debtors' Unredacted Bidding Procedures Motion* (the "Motion to Seal"), filed concurrently herewith. The Motion to Seal seeks entry of an order authorizing the sealing of the unredacted version of the Debtors' *Motion for Entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "Bidding Procedures Motion").[2]

4.  The name of the Stalking Horse Bidder is commercially-sensitive information, the disclosure of which—at least until the auction is conducted—will have an adverse effect on the Debtors and their ability to conduct the auction. I believe that disclosing the name of the Stalking Horse Bidder at this stage will harm the process because it will chill bidding and may unnecessarily cause erosion to the value of the business both from employee and customer attrition. In order to

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Motion.

2

maximize value, I submit that it is in the best interest of the estate to file the name under seal until the auction is commenced.

5.    I assert that premature public disclosure of the Stalking Horse Bidder will unduly disrupt the Debtors' efforts to consummate a sale transaction as well as its on-going business operations. Critically, disclosing the identity of the Stalking Horse Bidder before the auction could chill the bidding and derail the Debtors' efforts to maximize value either through a sale or the Plan.  Given the competitive nature of any such sale process, I believe that public disclosure of the current players could impact the Debtors' leverage in inducing other potential buyers to make competing offers.

6.    This risk of harm is also present given the competitive nature of the technology industry. The Debtors' primary economic assets—intellectual property—are effectively monetized through their relationships with customers and contract counterparties.  Based on my experience with auctions in similarly competitive industries, I believe that premature disclosure of the Stalking Horse Bidder may have a direct and adverse impact on the Debtors' ability to negotiate favorable license agreements with future customers, thereby giving the Debtor's competitors an unfair advantage.  This will in turn prejudice the Debtors' stakeholders and potentially diminish the Debtors' overall value.

7.    Finally, the unredacted version of the Bidding Procedures Motion will be provided to (a) this Court, (b) the U.S. Trustee, (c) counsel for the DIP Agent and DIP Lender, (d) counsel to the Creditors' Committee on a strictly confidential basis; provided, that, upon written request that shall be filed with the Court (the "Notice"), a party in interest (the "Requesting Party") may request an unredacted version of the Bidding Procedures Motion, subject to the limitations described in the Motion to Seal.

8.    I have consulted with the Debtors and their advisors and have determined that the offer from the Stalking Horse Bidder is in the best interests of the estates.  Therefore, I believe that non-disclosure as a condition precedent to commencing the sale procedures is necessary and appropriate. I understand that the Debtors are not seeking authority to pay the Stalking Horse Bidder's transaction fees, or provide any real bid protections, and I believe that the terms of the Stalking Horse asset purchase agreement evidence the Stalking Horse Bidder's committed interest in the Debtors' assets.

9.    I submit that redacting the name of the Stalking Horse Bidder will eliminate an unfair

3

advantage to competitors by precluding disclosure of information that could impair the Debtors' negotiations and similarly reduce their leverage with contract counterparties. Accordingly, I believe that sealing the unredacted Bidding Procedures Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 10th day of December, 2020

*/s/ Lawrence R. Perkins*
Lawrence R. Perkins, Chief Executive Officer
SierraConstellation Partners LLC

*Chief Restructuring Officer for Debtors and
Debtors in Possession*

4