Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
David Simonds (Bar No. 214499)
david.simonds@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the Official Committee of Unsecured*
*Creditors of Wave Computing, Inc.*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No.  20-50682 (MEH) |
| WAVE COMPUTING, INC., et al., | Chapter 11 (Jointly Administered) |
| Debtors. [1] | **SUMMARY SHEET TO SECOND INTERIM FEE APPLICATION OF HOGAN LOVELLS US LLP AS COUNSEL TO THE COMMITTEE OF UNSECURED CREDITORS OF WAVE COMPUTING, INC. FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 1, 2020 THROUGH AND INCLUDING OCTOBER 31, 2020** |

**Objection Deadline: February 22, 2021**

**4:00 p.m. (Pacific time)**

<u>**Hearing Date and Time:**</u>
Date:  March 4, 2021
Time:  10:00 a.m.
Judge:  The Hon. M. Elaine Hammond
280 South First Street
San Jose, CA 95113-3099

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Wave Computing, Inc. (4264), MIPS Tech, Inc. (8247), Hellosoft, Inc. (8640), Wave Computing (UK) Limited (None), Imagination Technologies, Inc. (6967), Caustic Graphics, Inc. (7272), and MIPS Tech, LLC (2161).  The Debtors' mailing address is 3201 Scott Blvd, Santa Clara, CA 95054.

| | |
|---|---|
| Name of applicant: | Hogan Lovells US LLP |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of Wave Computing, Inc. |
| Date of retention: | Order entered on July 22, 2020, retaining Hogan Lovells effective as of May 26, 2020 |
| Period for which compensation and reimbursement are sought: | July 1, 2020 — October 31, 2020 |
| Amount of compensation Requested: | $2,150,778.24 (100%) |
| Amount of expense reimbursement Requested: | $48,336.99 (100%) |

This is an: _X_ interim _____ final application.

This is the second interim fee application filed by Hogan Lovells US LLP in these cases.

2

\\LA - 767747/000001 - 2079718 v4

| Interim Application Summary | |
|---|---|
| Name of Applicant | Hogan Lovells US LLP |
| Name of Client | The Official Committee of Unsecured Creditors of Wave Computing, Inc. |
| Time period covered by Interim Application | July 1, 2020 through and including October 31, 2020 |
| Total compensation sought during Application Period | $2,150,778.24 |
| Total expenses sought during Application Period | $48,336.99 |
| Petition Date | April 27, 2020 |
| Retention Date | May 26, 2020 |
| Date of order approving employment | July 22, 2020 [Docket No. 355] |
| Total allowed compensation paid to date | $650,000.00 |
| Total allowed expenses paid to date | $541.68 |
| Total compensation approved by interim order to date | $650,000.00 |
| Total expenses approved by interim order to date | $541.68 |
| Blended rate in the Interim Application for all attorneys | $927.26 |
| Blended rate in the Interim Application for all timekeepers | $859.43 |
| Compensation sought in the Interim Application already paid pursuant to a monthly compensation certificate but not yet allowed | $1,731,984.19 |
| Expenses sought in the Interim Application already paid pursuant to a monthly compensation certificate but not yet allowed | $48,336.99 |

3

| | |
|---|---|
| Number of professionals included in Interim Application | 18[2] |
| If applicable, number of professionals in the Interim Application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for the Application Period | ($249,221.76) |
| Number of professionals billing fewer than 15 hours to the case during the Application Period | 7 |
| Are any rates higher than those approved or disclosed at retention | No |

---

[2] This total does not include timekeepers who Hogan Lovells discounted who billed less than 10 hours of time during the application period, notwithstanding that those timekeepers are subject area specialists who were asked to deal with specific questions or issues that were in their specific areas of expertise.

4

\\LA - 767747/000001 - 2079718 v4

**SECOND INTERIM FEE APPLICATION OF HOGAN LOVELLS US LLP
AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF WAVE COMPUTING, INC.
(July 1, 2020 — October 31, 2020)**

**CUMULATIVE COMPENSATION SUMMARY BY PROFESSIONAL**

| Name | Practice Group (Year Admitted) | Hourly Rate | Total Hours | Fees[3] |
|---|---|---|---|---|
| Richard L. Wynne | Business Restructuring and Insolvency (New Jersey: 1982; New York: 1983; California: 1985) | $1,450.00 | 260.50 | $377,725.00 |
| David P. Simonds | Business Restructuring and Insolvency (New York: 1993; California: 2001) | $1,450.00 | 166.50 | $241,425.00 |
| Jasper Howard | Tax, Pension & Benefits (District of Columbia: 1989) | $1,330.00 | 1.60 | $2,128.00 |
| Pieter Van Tol | Litigation, Arbitration and Employment (New York: 1995) | $1,290.00 | 2.00 | $2,580.00 |
| Bennett L. Spiegel | Business Restructuring and Insolvency (Connecticut: 1985; New York: 1985; New Jersey: 1986; California: 1987) | $1,225.00 | 91.80 | $112,455.00 |
| Stephanie Yonekura | Investigations, White Collar, and Fraud (California: 1996) | $1,020.00 | 33.50 | $34,170.00 |
| Gejaa T. Gobena | Litigation, Arbitration and Employment (New York: 1999; District of Columbia: 2016) | $990.00 | 2.70 | $2,673.00 |

---

[3] The amounts in this column reflect the voluntary deductions totaling $25,655.00 applied to monthly fee statements during the Second Interim Compensation Period.

5

\LA - 767747/000001 - 2079718 v4

| Name | Practice Group (Year Admitted) | Hourly Rate | Total Hours | Fees[3] |
|---|---|---|---|---|
| Jamie Wickett | Government Relations and Policy Advocacy (Virginia: 1998; District of Columbia 2000) | $980.00 | 16.50 | $16,170.00 |
| Babak E. Nikravesh | Tax, Pensions & Benefits (California: 1998; New York: 1999) | $965.00 | 2.40 | $2,316.00 |
| Ann Chungsun Kim | Litigation, Arbitration, and Employment (California: 2000) | $875.00 | 309.20 | $270,550.00 |
| Julia McLetchie | Litigation, Arbitration, and Employment (Massachusetts: 2007) | $850.00 | 524.00 | $445,400.00 |
| Helen Y. Trac | Intellectual Property, Media, and Technology (California: 2012) | $900.00 | 18.50 | $16,650.00 |
| Edward Joseph McNeilly | Business Restructuring and Insolvency (England and Wales: 2014; California: 2017; Washington State: 2018) | $780.00 | 204.60 | $159,588.00 |
| David Bastian | Litigation, Arbitration, and Employment (Massachusetts: 2014) | $780.00 | 204.60 | $179,790.00 |
| Rahmon Brown | Business Restructuring and Insolvency (Illinois: 2017) | $720.00 | 20.40 | $14,688.00 |
| Sara Posner | Business Restructuring and Insolvency (New York: 2019) | $630.00 | 329.90 | $207,837.00 |

Case: 20-50682   Doc# 1098   Filed: 02/01/21   Entered: 02/01/21 11:40:12   Page 6 of 72

\LA - 767747/000001 - 2079718 v4

| Name | Practice Group (Year Admitted) | Hourly Rate | Total Hours | Fees[3] |
|---|---|---|---|---|
| Jessica Bigby | Litigation, Arbitration, and Employment (District of Columbia: 2019) | $600.00 | 60.00 | $36,000.00 |
| Madeline R. Bech | Litigation, Arbitration, and Employment (California: 2019) | $530.00 | 32.70 | $17,331.00 |
| Tracy Southwell | Paralegal | $460.00 | 64.10 | $29,486.00 |
| Elisabeth T. Ohman | Research Services Manager | $450.00 | 0.30 | $135.00 |
| Cheryl Fountain | Trademark Specialist | $435.00 | 3.50 | $1,522.50 |
| Tina Helble | Research Analyst | $425.00 | 6.70 | $2,847.50 |
| Leilani P. Legaspi | IP Specialist | $400.00 | 23.60 | $9,440.00 |
| Nellie Yu | Paralegal | $390.00 | 75.60 | $29,484.00 |
| Sean A. Atherton | Litigation Support Project Manager | $380.00 | 38.00 | $14,440.00 |
| | | | | |
| **Total:** | | | **2,519.10** | **$2,226,831.00** |
| **Courtesy Discounts** | | | | **($76,052.76)[4]** |
| **GRAND TOTAL** | | **$853.79 (blended hourly rate for all timekeepers)** | | **$2,150,778.24** |

[4] Included in the discount, Hogan Lovells discounted all timekeepers who billed less than 10 hours of time during the application period, notwithstanding that those timekeepers are subject area specialists who were asked to deal with specific questions or issues that were in their specific areas of expertise. This discount totaled $14,202.00

7

## CUMULATIVE COMPENSATION BY PROJECT CATEGORY

| TASK CODE | ACTIVITY | HOURS | FEES[5] |
|---|---|---|---|
| 01 | Litigation | 1,059.00[6] | $866,442.00 |
| 02 | Securities Advice | 2.90 | $4,205.00 |
| 03 | Regulatory Issues | 25.40 | $26,962.00 |
| 04 | Insurance | 15.80 | $16,782.50 |
| 05 | Hearing | 15.20 | $19,513.00 |
| 06 | Valuation | 8.30 | $10,576.00 |
| B110 | Case Administration | 115.20 | $108,014.50 |
| B120 | Asset Analysis and Recovery | 381.70 | $319,082.50 |
| B130 | Asset Disposition | 4.30 | $5,364.00 |
| B150 | Meetings of and Communications with Creditors | 18.60 | $21,319.00 |
| B160 | Fee/Employment Applications | 77.20 | $61,953.00 |
| B170 | Fee/Employment Objections | 1.0 | $1,115.00 |
| B180 | Avoidance Action Analysis | 143.60 | $106,207.50 |
| B185 | Assumption/Rejection of Leases and Contracts | 38.00 | $33,286.00 |
| B190 | Other Contested Matters (excluding assumption/rejection) | 2.30 | $1,794.00 |
| B210 | Business Operations | 2.60 | $3,435.00 |
| B220 | Employee Benefits/Pensions | 125.70 | $118,229.00 |
| B230 | Financing/Cash Collections | 133.10 | $131,417.50 |
| B240 | Tax Issues | 3.10 | $3,758.00 |
| B260 | Committee Governance and Meetings | 133.60 | $133,519.00 |
| B310 | Claims Administration and Objections | 28.80 | $34,482.00 |
| B320 | Plan and Disclosure Statement | 183.70 | $199,374.50 |
| **Total** | | **2,519.10** | **$2,226,831.00** |
| **Courtesy Discounts** | | | **($76,052.76)[7]** |
| **GRAND TOTAL** | | | **$2,150,778.24** |

---

[5] The amounts in this column reflect the voluntary deductions totaling $25,655.00 applied to monthly fee statements during the Second Interim Compensation Period.

[6] The number of hours spent on Task Code 01- Litigation reflects 39.80 hours which were inadvertently included in Task Code – B410 in the Second Monthly Fee Statement [Docket No. 582]. These hours were devoted to Task Code 01- Litigation and have been added to its total in this Second Interim Fee Application. The total number of hours worked and fees accrued during the Second Interim Compensation Period has not changed.

[7] Included in the discount, Hogan Lovells discounted all timekeepers who billed less than 10 hours of time during the application period, notwithstanding that those timekeepers are subject area specialists who were asked to deal with specific questions or issues that were in their specific areas of expertise. This discount totaled $14,202.00

\\LA - 767747/000001 - 2079718 v4

# **CUMULATIVE EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Lien Search, Litigation Search, Bankruptcy Search, Fixture Filings, etc. | CT Lien Solutions | $4,236.73 |
| Skip Tracing, Investigative Searches | Transunion | $200.00 |
| Computer Research | Westlaw | $2,553.99 |
| Computer Research | Accurint | $378.49 |
| On-line Services | Lexis | $789.65 |
| On-line Legal Research | | $200.00 |
| Relativity Review and Database Data Storage – Monthly – per GB | | $2,560.99 |
| Relativity User Licenses – no-HL Users Only – Monthly Per Use | | $1,350.00 |
| eDiscovery Data Storage Fees | | $1,196.01 |
| Oversight and Guidance of Project Request – Case Specific – Per Hour | | $3,675.00 |
| Execution of Specific Requests – Case Specific – Per Hour | | 2,781.25 |
| Deduplication, date Restriction, Key Term Filters and Native File Processing to Relativity Database - per GB | | $28.04 |
| Postage | | $452.85 |
| Word Processing | | $612.50 |
| Rule 2004 Exam and Deposition Services and Transcripts | Veritext | $25,084.75 |
| FedEx Delivery Charges | | $508.70 |
| Transcripts | | $194.00 |
| Service of Subpoenas | | $680.73 |
| Witness Fees | | $80.00 |
| Printing | | $725.20 |
| Attorney Service | Ace Attorney Service | $48.11 |
| **GRAND TOTAL:** | | **$48,336.99** |

9

(LA - 767747/000001 - 2079718 v4

Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
David Simonds (Bar No. 214499)
david.simonds@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the Official Committee of Unsecured*
*Creditors of Wave Computing, Inc.*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 20-50682 (MEH) |
| WAVE COMPUTING, INC., et al., | Chapter 11 (Jointly Administered) |
| Debtors. [8] | **SECOND INTERIM FEE APPLICATION OF HOGAN LOVELLS US LLP AS COUNSEL TO THE COMMITTEE OF UNSECURED CREDITORS OF WAVE COMPUTING, INC. FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 1, 2020 THROUGH AND INCLUDING OCTOBER 31, 2020** |

**Objection Deadline: February 22, 2021**
**4:00 p.m. (Pacific time)**

<u>**Hearing Date and Time:**</u>
Date:      March 4, 2021
Time:      10:00 a.m.
Judge:     The Hon. M. Elaine Hammond
                280 South First Street
                San Jose, CA 95113-3099

---

[8] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Wave Computing, Inc. (4264), MIPS Tech, Inc. (8247), Hellosoft, Inc. (8640), Wave Computing (UK) Limited (None), Imagination Technologies, Inc. (6967), Caustic Graphics, Inc. (7272), and MIPS Tech, LLC (2161). The Debtors' mailing address is 3201 Scott Blvd, Santa Clara, CA 95054.

\\LA - 767747/000001 - 2079718 v4

Hogan Lovells US LLP ("Hogan Lovells"), counsel to the Official Committee of Unsecured Creditors of Wave Computing, Inc. (the "Committee") hereby submits its application (the "Application"), pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines"), the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014 (the "Local Guidelines"), and the *Order Granting Debtors' Motion Pursuant to 11 U.S.C. 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 252] (the "Interim Compensation Order") for interim approval and allowance of (i) compensation for professional services rendered to the Committee from July 1, 2020 through and including October 31, 2020 (the "Second Interim Compensation Period") and (ii) reimbursement of expenses incurred in connection with such services; and, in support thereof, respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. During the Second Interim Compensation Period, Hogan Lovells continued to be actively engaged in all aspects of this case with the goal of maximizing recoveries to unsecured creditors of the Debtors. The terms and negotiations surrounding the *Joint Chapter 11 Plan of Reorganization for Wave Computing, Inc. and Its Debtor Affiliates* [Docket No. 600] (the "Plan") were the main focus of the Second Interim Compensation Period. Hogan Lovells, along with the Committee's financial advisor worked diligently to achieve terms that would provide favorable recoveries to all unsecured creditors of the Debtors.

2. Additionally, there were a series of motions that were contested but ultimately resulted in settlements between the Committee and the Debtors, including the *Application of Debtors Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain*

Case: 20-50682   Doc# 1098   Filed: 02/01/21   Entered: 02/01/21 11:40:12   Page 11 of 72
\\LA - 767747/000001 - 2079718 v4

*and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for the Debtors Effective as of May 29, 2020 Filed by Debtor Wave Computing, Inc.* [Docket No. 235] (the "<u>Paul Weiss Application</u>") and the *Motion of the Debtors for the Entry of an Order (I) Authorizing the Debtors to Implement Key Employee Incentive Plan and (II) Granting Related Relief Filed by Debtor Wave Computing, Inc.*[Docket No. 103] (the "<u>KEIP Motion</u>").

3. Also during the Second Interim Compensation Period, the Committee continued its investigations in connection with the *Notice of Ex Parte Application of the Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Service of Subpoenas on Windtree Drive, LLC, Oakmont Corporation, Lakewood & Company LLC, Kirkland & Ellis LLP, and Pillsbury Winthrop Shaw & Pittman LLP; and Orders Directing the Examinations of the Person Most Knowledgeable at Windtree Drive, LLC., and Brad Meadow* [Docket No. 187] (the "<u>2004 Motion</u>"). Hogan Lovells continued its interviews of parties that were the subject to the 2004 Motion or who had information relevant to the 2004 Motion and review of document productions of thousands of documents that required significant attention by the Hogan Lovells team and other Committee professionals. All of these efforts have required Hogan Lovells to work closely with the Committee and to keep the Committee informed throughout the case, in regular updates, weekly meetings and communications with the Committee. Hogan Lovells has also worked extensively with the Committee's financial advisor, Dundon Advisers, LLC , the Debtors and their professional advisors, and other stakeholders in these chapter 11 cases, always with the goal of maximizing returns for unsecured creditors.

**<u>JURISDICTION</u>**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**<u>BACKGROUND</u>**

5. On April 27, 2020, the Debtors filed voluntary petitions for relief under chapter 11

3

\\LA - 767747/000001 - 2079718 v4

of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Court").

6. On May 1, 2020, the Court entered an order to jointly administer the Debtors' bankruptcy cases (the "Chapter 11 Cases").

7. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

8. On May 18, 2020, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee for the Northern District of California (the "U.S. Trustee") appointed the Committee. On May 26, 2020, the Committee duly selected Hogan Lovells as counsel. The Committee originally consisted of the following five members: (i) Synopsys, Inc. ("Synopsys"); (ii) Avnet, Inc. ("Avnet"); (iii) Ensilica India Pvt Ltd. ("Ensilica"); (iv) Sintegra, Inc. ("Sintegra"); and (v) PFIL North America Inc. ("PFIL"). On October 14, 2020, following Sintegra's resignation from the Committee, the U.S. Trustee appointed a reconstituted Committee, consisting of the other four members. On December 2, 2020, following PFIL's resignation from the Committee, the U.S. Trustee appointed a reconstituted Committee, consisting of Synopsys, Avnet and Ensilica.

**The Committee's Retention of Hogan Lovells**

9. On June 25, 2020, the Committee filed an application to employ Hogan Lovells as their counsel, effective as of May 26, 2020 [Docket No. 279] (the "Retention Application"), which application was approved by the Court by Order entered July 22, 2020 [Docket No. 355] (the "Retention Order").

10. The Retention Order authorizes the Debtors to compensate and reimburse Hogan Lovells in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines and the Interim Compensation Order. Specifically, the Retention Order authorizes the employment and retention of Hogan Lovells "on the terms set forth in the Application and the Wynne Declaration, as provided herein" [Docket No. 355 ¶ 2]. Pursuant to the Application, the services to be provided to the Committee, without limitation include:

    a. advising the Committee with respect to its rights, powers, and duties in these chapter 11 cases;

4

b. participating in in-person, video conference and telephonic meetings of the Committee and subcommittees formed thereby;

c. assisting and advising the Committee in its meetings and negotiations with the Debtors and other parties in interest regarding these chapter 11 cases;

d. assisting the Committee in analyzing claims asserted against, and interests in, the Debtors, and in negotiating with the holders of such claims and interests, and bringing, or participating in, objections or estimation proceedings with respect to such claims and interests;

e. assisting with the Committee's review of the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs, and other financial reports prepared by the Debtors;

f. assisting the Committee in its investigation of the acts, conduct, assets, liabilities, management, and financial condition of the Debtors and of the historic and ongoing operation of their businesses;

g. assisting the Committee in its analysis of, and negotiations with the Debtors or any third party related to, financing, asset disposition transactions, compromises of controversies, and assumption and rejection of executory contracts and unexpired leases;

h. assisting the Committee in its analysis of, and negotiations with the Debtors or any third party related to the formulation, confirmation, and implementation of any chapter 11 plan and all documentation related thereto;

i. assisting and advising the Committee with respect to communications with the general creditor body in these chapter 11 cases;

j. responding to inquiries from individual creditors as to the status of, and developments in, these chapter 11 cases;

k. representing the Committee at hearings and other proceedings before the Court and other courts or tribunals, as appropriate;

l. reviewing and analyzing complaints, motions, applications, orders, and other pleadings filed with the Court, and advise the Committee with respect to formulating positions thereon and filing responses thereto;

m. assisting the Committee in its review and analysis of, and negotiations with the Debtors and their non-Debtor affiliates related to, intercompany claims and transactions;

n. reviewing and analyzing third party analyses or reports prepared in connection with the Debtors' potential claims and causes of action, advise the Committee with respect to formulating positions thereon, and perform such other diligence and independent analysis as may be requested by the Committee;

o. advising the Committee with respect to applicable federal and state regulatory issues, as such issues may arise in these chapter 11 cases;

p. assisting the Committee in preparing pleadings and applications, and pursuing or participating in adversary proceedings, contested matters, and

5

\\LA - 767747/000001 - 2079718 v4

administrative proceedings as may be necessary or appropriate in furtherance of the Committee's duties; and

q. performing such other legal services as may be necessary or as may be requested by the Committee in accordance with the Committee's powers and duties, as set forth in the Bankruptcy Code or otherwise.

[Docket No. 279 at 8.]

**Summary of Professional Compensation
and Reimbursement of Expenses Requested**

11. Hogan Lovells seeks allowance of interim compensation for professional services performed during the Second Interim Compensation Period in the amount of $2,164,980.24 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $48,336.99. During the Second Interim Compensation Period, Hogan Lovells attorneys and paraprofessionals expended a total of 2,519.10 hours in connection with the necessary services performed. In an exercise of its billing judgment, Hogan Lovells reduced its fees for professional services rendered during the Second Interim Compensation Period by $76,052.76. This deduction accounts for certain legal research time and certain meetings where more than one Hogan Lovells attorney participated, as well as deducting charges for Hogan Lovells timekeepers who billed less than 10 hours in the application period, largely due to their being specialists in certain subject areas and responding to limited issues.

12. There is no agreement or understanding between Hogan Lovells and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in the Chapter 11 Cases. Except as set forth below with respect to payments Hogan Lovells may receive pursuant to the Interim Compensation Order, during the Second Interim Compensation Period, Hogan Lovells received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. The fees charged by Hogan Lovells in the Chapter 11 Cases are billed in accordance with Hogan Lovells' existing billing rates and procedures in effect during the Second Interim Compensation Period. The rates Hogan Lovells charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 cases are generally the same rates Hogan Lovells charges for professional and paraprofessional services rendered in comparable bankruptcy

6

and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

13. The summary sheets contain a schedule of Hogan Lovells professionals and paraprofessionals who have performed services for the Committee during the Second Interim Compensation Period, the capacities in which each individual is employed by Hogan Lovells, the department in which each individual practices, the hourly billing rate charged by Hogan Lovells for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor. Biographical information for Hogan Lovells attorneys who have rendered services to the Committee during the Second Interim Compensation Period is attached to this application as **Exhibit D**.

14. The summary sheets also contain a summary of Hogan Lovells' hours billed during the Second Interim Compensation Period using project categories (each of which correspond to a billing task code) described therein and hereinafter described. Hogan Lovells maintains computerized records of the time spent by all Hogan Lovells attorneys and paraprofessionals in connection with its representation of the Debtors.

15. The summary sheets also contain a schedule specifying the categories of expenses for which Hogan Lovells is seeking reimbursement and the total amount for each such expense category.

16. Annexed hereto as **Exhibit A** is a certification regarding Hogan Lovells' compliance with the Fee Guidelines.

17. Annexed hereto as **Exhibit B** is a summary and comparison of the aggregate blended hourly rates billed by Hogan Lovells timekeepers in its U.S. offices on all matters during the preceding year on a rolling 12-months year ending June 30, 2020 and the blended hourly rates billed to the Debtors during the Compensation Period.

18. Hogan Lovells provided the Debtors with an estimated budget that was most recently amended and agreed-upon on June 29, 2020, and has provided updated budget estimates

7

to the Committee on a regular basis. A summary of Hogan Lovells' budget, as applicable for the Second Interim Compensation Period, and a summary of staffing are attached hereto as **Exhibit C**. For the Second Interim Compensation Period, Hogan Lovells initially estimated its fees and expenses, including pass-through expenses for retained experts, would be $2,400,000.00. The fees and expenses sought for the Second Interim Compensation Period are $249,221.76 below that estimate. The Committee meets at least weekly, and is aware of the complexities of the Chapter 11 Case, the many issues that need to be addressed, the various disciplines involved and that staffing needs are dynamic based on a number of factors, many of which are unpredictable, including the activities of other parties in interest in these Chapter 11 Cases.

19.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Second Interim Compensation Period, but were not processed prior to the preparation of this Application, Hogan Lovells reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**Summary of Services Performed**

**by Hogan Lovells During the Second Interim Compensation Period**

20.     The following summary of services rendered during the Second Interim Compensation Period is not intended to be a detailed description of the work performed. Rather, it merely highlights certain project billing categories areas in which significant services were rendered by Hogan Lovells, as well as identifies some of the issues Hogan Lovells was required to address. Detailed descriptions of the day-to-day services provided by Hogan Lovells and the time expended performing such services in each project billing category are attached to the monthly fee applications for the Second Interim Compensation Period. Such detailed descriptions demonstrate that Hogan Lovells was heavily involved in the performance of services for the Committee on a daily basis, including night and weekend work, often under extreme time constraints, to meet the needs of the Committee.

**Litigation (Task Code 01)**

Fees: $866,442.00; Total Hours: 1,059.00

21.     During the Second Interim Compensation Period Hogan Lovells, on behalf of the

8

Committee continued to work on litigation and discovery-related activities in connection with the investigations of Windtree, Oakmont, Lakewood. Among other things, Hogan Lovells attorneys, as applicable, researched relevant legal issues and investigated factual issues, received and reviewed extensive documentary discovery in connection with multiple matters, prepared draft complaints and motions for standing to bring such complaints, and advised the Committee and members thereof. Hogan Lovells investigation team also analyzed and reviewed very extensive documents produced voluntarily by Debtors' counsel as part of the U.S. Securities and Exchange Commission's ("<u>SEC</u>") investigation into the Debtors.

**Securities Advice (Task Code 02)**

Fees: $4,205.00; Total Hours: 2.90

22.     During the Second Interim Compensation Period, Hogan Lovells reviewed key documents produced during the SEC investigation and engaged in discussions with the Debtors and SEC regarding securities related issues.

**Regulatory Issues (Task Code 03)**

Fees: $26,962.00; Total Hours: 25.40

23.     During the Second Interim Compensation Period, Hogan Lovells reviewed potential regulatory issues related to certain agreements and settlements proposed by the Debtors. Hogan Lovells also reviewed any potential regulatory issues that may arise during government investigations of the Debtors. In particular, Hogan Lovells reviewed potential CFIUS issues in connection with an auction and sale of the Debtors assets to a foreign buyer.

**Insurance (Task Code 4)**

Fees: $16,782.00; Total Hours: 15.80

24.     During the Second Interim Compensation Period, Hogan Lovells reviewed the D&O policy and worked with the Debtors in connection with their *Motion for Order Lifting Stay to Authorize Advancement by Insurer of Defense Costs of Insureds* [Docket No. 346]. Hogan Lovells also requested a report on erosion of the Federal Policy's limit of liability as allowed by the *Order Lifting Stay to Authorize Advancement by Insurer of Defense Costs Pursuant to Insurance Policy* [Docket No. 346].

9

\\LA - 767747/000001 - 2079718 v4

**Hearing (Task Code 05)**

Fees: $19,513.00; Total Hours: 15.20

25.     During the Second Interim Compensation Period, Hogan Lovells prepared for and appeared hearings in connection with these chapter 11 cases, including hearings on the *Motion of the Debtors Pursuant to 11 U.S.C. §§ 105(a), 363 and 503 for Entry of an Order Authorizing Implementation of Key Employee Retention Plan Filed by Debtor Wave Computing, Inc.* [Docket No. 209], the *Application of Debtors Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for the Debtors Effective as of May 29, 2020 Filed by Debtor Wave Computing, Inc.* [Docket No. 235], the *Motion of the Debtors for the Entry of an Order (I) Authorizing the Debtors to Implement Key Employee Incentive Plan and (II) Granting Related Relief Filed by Debtor Wave Computing, Inc.* [Docket No. 103], the *Debtor's Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) to Retain and Employ Armory Securities, LLC as Investment Banker to the Debtors Effective as of August 23, 2020* [Docket No. 495], and the DIP Motion.

**Valuation (Task Code 06)**

Fees: $10,576.00; Total Hours: 8.30

26.     During the Second Interim Compensation Period, Hogan Lovells reviewed the Debtors' business plan and valuation analysis along with the Committee's financial advisor.

**Case Administration (Task Code B110)**

Fees: $108,014.50; Total Hours: 115.20

27.     During the Second Interim Compensation Period, Hogan Lovells frequently coordinated with the Debtors and their professional advisors regarding case administration, including hearing dates and case deadlines. Hogan Lovells also expended time attending to various case administrative matters, including, among other things: (i) preparing and updating a calendar of critical dates and task list covering pending motions for the Committee; (ii) arranging telephonic and video hearing lines for Hogan Lovells attorneys' participation in remote hearings; (iii) coordinating critical work streams among Hogan Lovells attorneys and the Committee's various

10

\\LA - 767747/000001 - 2079718 v4

other professional advisors; and (iv) reviewing the docket for new pleadings and distributing such filings to the Committee and its advisors along with summaries of such pleadings. Hogan Lovells attorneys endeavored to minimize such administration matters while at the same time ensuring that all of the Committee's various activities were performed in the most expeditious and informative manner possible.

### Asset Analysis and Recovery (Task Code B120)

Fees: $319,082.50; Total Hours: 381.70

28. During the Second Interim Compensation Period, Hogan Lovells reviewed and performed diligence and analysis of the MediaTek Motion and corresponding agreement. Hogan Lovells also reviewed and performed due diligence and analysis of an agreement between the Debtors and CIP United Co. Ltd. (the "CIP Agreement").

### Asset Disposition (Task Code B130)

Fees: $5,364.00; Total Hours: 4.30

29. During the Second Interim Compensation Period, Hogan Lovells reviewed and performed diligence and analysis regarding potential disposition of the Debtors assets.

### Meetings of and Communications with Creditors (Task Code B150)

Fees: $21,319.00; Total Hours: 18.60

30. During the Second Interim Compensation Period, Hogan Lovells responded to creditor inquiries regarding the Chapter 11 Cases, as part of its duties as counsel to the Committee. Additionally, Hogan Lovells communicated with certain creditors regarding their view on aspects of the Chapter 11 Cases.

### Fee/Employment Applications (Task Code 160)

Fees: $61,953.00; Total Hours: 77.20

31. During the Second Interim Compensation Period, Hogan Lovells drafted and finalized its First Interim Compensation Application, including responding to inquiries from the United States Trustee regarding the First Interim Compensation Application. Additionally, Hogan Lovells prepared monthly fee applications throughout the Second Interim Compensation Period.

11

\\LA - 767747/000001 - 2079718 v4

Hogan Lovells also reviewed the retention applications of additional professional for the Debtors to determine if the retention was in the best interest of the unsecured creditors.

### Fee/Employment Objections (Task Code B170)
Fees: $1,115.00; Total Hours: 1.00

32.     During the Second Interim Compensation Period, Hogan Lovells reviewed the fee applications of professionals retained by the Debtors to determine if any objections were warranted based on the efficiency and scope of the work performed.

### Avoidance Action Analysis (Task Code B180)
Fees: $106,207.50; Total Hours: 143.60

33.     During the Second Interim Compensation Period, Hogan Lovells researched and analyzed potential causes of action (including for fraudulent conveyance) against Windtree, Oakmont and others arising out of the Windtree Settlement.

### Assumption/Rejection of Leases and Contracts (Task Code B185)
Fees: $33,286.00; Total Hours: 38.00

34.     Hogan Lovells analyzed the MediaTek license agreement and contracts with CIP/Prestige and engaged in negotiations with the Debtors regarding the these contracts to ensure the treatment of these agreements was in the best interest of the creditors of the Debtors' estate.

### Other Contested Matters (excluding assumption/rejection) (Task Code B190)
Fees: $1,794.00; Total Hours: 2.30

35.     Hogan Lovells engaged in discussions and ultimately reached a resolution with the Debtors regarding the length of the exclusivity period in which to file a plan and other contested matters in connection with these Cases.

### Business Operations (Task Code B210)
Fees: $3,435.00; Total Hours: 2.60

36.     During the Second Interim Compensation Period, Hogan Lovells reviewed the Debtors monthly operating reports and business plan, as well as budget and cash flows.

12

\\LA - 767747/000001 - 2079718 v4

**Employee Benefits/Pensions (Task Code B220)**

Fees: $118,229.00; Total Hours: 125.70

37.　　During the Second Interim Compensation Period, Hogan Lovells continued its negotiations with the Debtors regarding their KEIP Motion. The Debtors drafted and filed an objection to the KEIP Motion. Hogan Lovells also took a deposition of the Debtors' compensation expert in connection with the proposed KEIP. Finally, Hogan Lovells drafted and filed the *Declaration of Eric A. Reubel in Support of the Objection of Official Committee of Unsecured Creditors of Wave Computing, Inc. to Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Implement Key Employee Incentive Plan and (II) Granting Related Relief* [Docket No. 526]. Ultimately, Hogan Lovells and the Debtors were able to negotiate a settlement on the KEIP and filed a proposed order with modifications that were acceptable to both parties.

**Financing/Cash Collections (Task Code B230)**

Fees: $131,417.50; Total Hours: 133.10

38.　　Hogan Lovells and the Committee's financial advisors continued to review the DIP agreement and the Debtors' proposed amendments to the DIP Motion, which required that the Committee's advisors work closely with the Committee and the Debtors' advisors, in order to understand the various aspects of the proposed financing, the Debtors' capital structure, funding needs and market conditions and comparable transactions with respect to loans of this type and size. The efforts of Hogan Lovells, the Committee's financial advisors and the Committee led to a successful resolution that involved Tallwood providing DIP financing on terms that were highly favorable to the Debtors and unsecured creditors.

39.　　Another significant issue was the Debtors' PPP Motion. Hogan Lovells and the Committee's financial advisors spent significant time analyzing the implications of the retention or return of the PPP loan and engaged in extensive discussions with the Debtors regarding the PPP funds. This issue was successfully resolved consensually in the context of the Debtors, the Committee and Tallwood agreeing terms for Tallwood's DIP financing.

13

\\LA - 767747/000001 - 2079718 v4

**Tax Issue (Task Code B240)**
Fees: $3,758.00; Total Hours: 3.10

40.     Hogan Lovells, along with the Debtors reviewed and analyzed relevant tax issues as the arose in connection with the Chapter 11 Cases.

**Committee Governance and Meetings (Task Code B260)**
Fees: $133,519.00; Total Hours: 133.60

41.     During the Second Interim Compensation Period, Hogan Lovells conducted a weekly meeting with the Committee via video conferencing (the "Committee Meetings"). During Committee Meetings, Hogan Lovells attorneys discussed key issues with the Committee, including the upcoming matters scheduled for hearing by the Court. Prior to such meetings, Hogan Lovells attorneys reviewed pending matters requiring the Committee's attention and the underlying documentation and coordinated advice with the Committee's other professional advisors. Hogan Lovells attorneys also drafted agendas for all such meetings, coordinated with the Committee Chair with respect to the agenda and items to be dealt with by the Committee, and distributed pertinent documents and other information in advance to the Committee. In between Committee meetings, Hogan Lovells communicated with and updated the Committee with respect to matters that were pending or new events which arose and could not wait for the next Committee meeting. Thereafter, Hogan Lovells discussed each of these matters with the Committee, as well as individual Committee members on separate occasions, and assisted the Committee in formulating a position with respect to each matter.

**Claims Administration and Objection (Task Code B310)**
Fees: $34,482.00; Total Hours: 28.80

42.     During the Second Interim Compensation Period, Hogan Lovells reviewed and analyzed the Debtors' objection to filed claims to determine potential recoveries for the general unsecured creditors. On occasion the Committee provided its suggestions to the Debtors on how certain claims should be treated.

**Plan and Disclosure Statement (Task Code B320)**
Fees: $199,374.50; Total Hours: 183.70

14

43.     During the Second Interim Compensation Period, Hogan Lovells spent a significant amount of time negotiating the construct of a consensual plan, with a restructuring/sale toggle feature, revising and reviewing the proposed term sheet for a chapter 11 plan of reorganization and negotiating with the Debtors and Tallwood to obtain favorable recoveries for the unsecured creditors. Hogan Lovells reviewed and provided input to Tallwood's proposed term sheet and participated in extensive negotiations with the Debtors and Tallwood.  Hogan Lovells also drafted anticipatory motions in the event the negotiations did not lead to a favorable result for the unsecured creditors.

**Actual and Necessary Disbursements**

44.     Hogan Lovells has disbursed $48,336.99 as expenses incurred in providing professional services during the Compensation Period. These expenses are reasonable and necessary and were essential to, among other things, the subpoenas issued under the 2004 application.

45.     Hogan Lovells has made every effort to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Committee.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

46.     The professional services rendered by Hogan Lovells have required a high degree of professional competence and expertise to address, with skill and dispatch, the numerous issues requiring evaluation and action by the Committee. The services rendered to the Committee were performed efficiently, effectively, and economically, and the results obtained to date have benefited the unsecured creditors of the Debtors' estate.

47.     The allowance of interim compensation for services rendered and reimbursement of expenses in chapter 11 cases is expressly provided for in section 331 of the Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

15

\\LA - 767747/000001 - 2079718 v4

48.    With respect to the level of compensation, section 330(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered[.]" Section 330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including —
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

49.    In the instant case, Hogan Lovells submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for creditors in these chapter 11 cases. Such services and expenditures were necessary to and in the best interests of the Debtors' estates, creditors and all other parties in interest. The compensation requested herein is reasonable and appropriate in light of the nature, extent and value of such services to the Committee, as well as the size and complexity of these Chapter 11 Cases. The professional services were performed expediently and efficiently. Whenever possible, Hogan Lovells sought to minimize the costs of its services to the Committee. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

16

**NOTICE**

50. Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Hogan Lovells submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**CONCLUSION**

WHEREFORE, Hogan Lovells respectfully requests that the Court enter an order: (i) allowing Hogan Lovells (a) interim compensation for professional services rendered as counsel for the Committee during the Second Interim Compensation Period in the amount of $2,164,980.24 ; and (b) reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $48,336.99, for a total award of $2,213,317.23; (ii) authorizing and directing the Debtor to pay to Hogan Lovells $2,213,317.23 for services rendered and expenses incurred during the Second Interim Compensation Period; and (iii) granting such further relief as is just.

Dated: February 1, 2021

HOGAN LOVELLS US LLP

By: */s/ Richard L. Wynne*
Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
David P. Simonds (Bar No. 214499)
david.simonds@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com

1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the Official Committee of*
*Unsecured Creditors of Wave Computing, Inc.*

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**
**Certification**

\\LA - 767747/000001 - 2079718 v4

Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
David Simonds (Bar No. 214499)
david.simonds@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the Official Committee of Unsecured*
*Creditors of Wave Computing, Inc.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 20-50682 (MEH) |
| WAVE COMPUTING, INC., et al., | Chapter 11 (Jointly Administered) |
| Debtors [1]. | **CERTIFICATION OF RICHARD L. WYNNE IN SUPPORT OF SECOND INTERIM FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF HOGAN LOVELLS US LLP AS COUNSEL TO THE COMMITTEE OF UNSECURED CREDITORS OF WAVE COMPUTING, INC.'S FOR THE PERIOD OF JULY 1, 2020 THROUGH AND INCLUDING OCTOBER 31, 2020** |
| | **Objection Deadline: February 22, 2021** |
| | **4:00 p.m. (Pacific time)** |
| | <u>**Hearing Date and Time:**</u> |
| | Date: March 4, 2021 |
| | Time: 10:00 a.m. |
| | Judge: The Hon. M. Elaine Hammond |
| | 280 South First Street |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Wave Computing, Inc. (4264), MIPS Tech, Inc. (8247), Hellosoft, Inc. (8640), Wave Computing (UK) Limited (None), Imagination Technologies, Inc. (6967), Caustic Graphics, Inc. (7272), and MIPS Tech, LLC (2161). The Debtors' mailing address is 3201 Scott Blvd, Santa Clara, CA 95054.

\\LA - 767747/000001 - 2079718 v4

San Jose, CA 95113-3099

I, Richard L. Wynne, hereby certify that:

1. I am a partner with the applicant firm, Hogan Lovells US LLP, ("Hogan Lovells"), and involved in Hogan Lovells' representation of the Official Committee of Unsecured Creditors of Wave Computing, Inc. (the "Committee") in connection with the above-referenced chapter 11 cases (the "Chapter 11 Cases"). I am familiar with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 701] (the "Interim Compensation Order"), the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014 (the "Local Guidelines"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines").

2. This Certification is made in connection with Hogan Lovells' Second Interim Fee Application, dated January 29, 2021 (the "Application"), for interim compensation and reimbursement of expenses for the period commencing July 1, 2020 through and including October 31, 2020 (the "Compensation Period").

3. Pursuant to the Local Guidelines, I certify that:

a. I have read the Application;

b. To the best of my knowledge, information and belief formed after reasonable inquiry, except as set forth in the Application, the fees and disbursements sought fall within the Local Guidelines; and

c. The fees and disbursements sought are billed at rates in accordance with those

\\LA - 767747/000001 - 2079718 v4

generally charged by Hogan Lovells and generally accepted by Hogan Lovells' clients. .

4. I certify that the Debtors, the Debtors professionals, and the U.S. Trustee are each being provided with a copy of the Application in accordance with the Interim Compensation Order.

5. Exhibit B to the Application compares the blended hourly rate billed by attorneys and paraprofessionals in Hogan Lovells U.S. offices to all matters during the preceding year on a rolling 12 months year ending June 30, 2020 with the blended hourly rate billed by attorneys and paraprofessionals to the Debtors in connection with the Chapter 11 Cases during the Compensation Period. Hogan Lovells does not charge a premium for bankruptcy related services as compared to other services.

6. Hogan Lovells responds to the questions identified in the U.S. Trustee Guidelines as follows:

(a) **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Answer:** No.

(b) **Question:** If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer:** The fees are not higher by 10%.

(c) **Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer:** No.

(d) **Question:** Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Answer:** No.

(e) **Question:** Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Case: 20-50682    Doc# 1098    Filed: 02/01/21    Entered: 02/01/21 11:40:12    Page 30 of 72
\\LA - 767747/000001 - 2079718 v4

**Answer:** No.

(f)     **Question:** If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer:** Hogan Lovells did not change its rates for this matter during the applicable period.

Dated: February 1, 2021

/s/ *Richard L. Wynne*

Richard L. Wynne
Partner, Hogan Lovells

\\LA - 767747/000001 - 2079718 v4

1

**Exhibit B**

2

**Customary and Comparable Compensation Disclosures**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\\LA - 767747/000001 - 2079718 v4

Hogan Lovells' hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Hogan Lovells' hourly rates for bankruptcy services are comparable to the rates charged by Hogan Lovells, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

The blended hourly rate for all Hogan Lovells timekeepers who worked on these cases is approximately the same as the firm's blended rate for all timekeepers over a Comparable Period (defined below). In particular, the blended hourly rate for all Hogan Lovells timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters")[10] during the 12-month period beginning July 1, 2019 and ending on June 30, 2020 (the "Comparable Period") was, in the aggregate, approximately $617.27. By comparison, the blended hourly rate for all Hogan Lovells timekeepers (including both professionals and paraprofessionals) who worked on the Chapter 11 Cases during the Application Period was, in the aggregate, $859.42.

The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar) for the Comparable Period:

---

[10] It is the nature of Hogan Lovells' practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within Hogan Lovells' Bankruptcy, Restructuring and Insolvency Group. Accordingly, Non-Chapter 11 Matters consist of matters for which Hogan Lovells' timekeepers represented a client in a matter *other than* court-approved chapter 11 representations. The Non-Chapter 11 Matters include time billed by Hogan Lovells' timekeepers who work within Hogan Lovells' Bankruptcy, Restructuring and Insolvency Group.

\\LA - 767747/000001 - 2079718 v4

| Position at Hogan Lovells | Blended Rate for This Application Period | Blended Rate for Non-Chapter 11 Matters for Los Angeles and New York Office Only | Blended Rate for Non-Chapter 11 Matters |
|---|---|---|---|
| Partner | $1,171.11 | $1,003.44 | $979.19 |
| Counsel | $850.00 | $895.39 | $883.63 |
| Associate | $620.91 | $746.68 | $720.85 |
| Paralegal | $408.00 | $278.84 | $278.53 |
| Other Legal Support | $366.82 | $359.17 | $525.43 |

\\LA - 767747/000001 - 2079718 v4

1

**Exhibit C**

2

**Budget and Staffing Plan**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\\LA - 767747/000001 - 2079718 v4

**Application Period Budget**

| Period Covered | Actual | Forecast | Difference between actual and forecast |
|---|---|---|---|
| July 2020 | $619,523.77 | $700,000.00 | ($80,476.23) |
| August 2020 | $720,000.00 | $700,000.00 | $20,000.00 |
| September 2020 | $385,392.40 | $500,000.00 | ($114,607.60) |
| October 2020 | $488,401.06 | $500,000.00 | ($11,598.94) |
| **Less Discount** | **($76,052.76)** | | |
| **Total** | **$2,150,778.24** | **$2,400,000.00** | **($249,221.76)** |

**Application Period Staffing Plan**

| Category of Timekeeper | Number of Timekeepers Expected to Perform Work Across Matters During the Budget Period | Number of Timekeepers Actually Performing Work During the Budget Period[11] | Projected Average Hourly Rate | Actual Average Hourly Rate |
|---|---|---|---|---|
| Partner | 4 | 6 | $1,250.00 | $1,166.67 |
| Counsel | 0 | 1 | $0.00 | $850.00 |
| Associate | 4 | 7 | $710.00 | $705.71 |
| Other Professionals | 2 | 4 | $425.00 | $407.50 |

---

[11] These totals due not include the timekeepers Hogan Lovells discounted who billed less than 10 hours of time during the application period, notwithstanding that those timekeepers are subject area specialists who were asked to deal with specific questions or issues that were in their specific areas of expertise.

\\LA - 767747/000001 - 2079718 v4

1

## Exhibit D

**Attorney Biographical Information**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

\\LA - 767747/000001 - 2079718 v4

# Richard L. Wynne

## Partner, Los Angeles



Richard Wynne has a national reputation for successfully representing company and creditor/bondholder clients in complex restructurings in a wide variety of industries. He focuses on solving clients' most challenging problems by designing and implementing negotiations and litigation strategy, and serving as lead trial counsel.

Richard's results-oriented approach was noted in Chambers 2017: "It was hard to see a goal line rather than a direction; being able to maneuver through that complex process was one of the skills few lawyers have, and Rick is on that short list."

Richard's recent engagements include Mattel, Inc. as the largest creditor and Creditors Committee Co-Chair in the Toys R Us Chapter 11 case; Synopsys, plan co-proponent in the ATopTech chapter 11 case; acting as lead debtor's counsel for Achaogen, Inc., All American Oil & Gas, Inc., American Apparel and Relativity Media, LLC; representing FGIC, leading creditor and Creditors' Committee Chair in ResCap; the Ad Hoc Bondholders Committee in Chemtura; the Non-Agent Secured Lenders Committee in Adelphia; and Universal and Fox in the Rhythm & Hues case.

In a decisive recent victory, federal bankruptcy Judge Wiles ordered Netflix to pay Relativity Media all its US$800,000 in attorney fees. Netflix argued that "Relativity should not be allowed to recover the cost of a Cadillac (or a Ferrari) if a Honda Civic would have done the job." Judge Wiles responded: "A complicated, fast-paced 'bet the company' litigation requires counsel of higher caliber and expense than a routine case with little at stake. A party may not need a Ferrari to go to the corner grocery store, but winning a Grand Prix race is a different matter."

## Representative experience

- Representing the Official Committee of Unsecured Creditors of processor technology and artificial intelligence company Wave

+1 310 785 4602, Los Angeles
richard.wynne@hoganlovells.com

### Practices
Business Restructuring and Insolvency

### Industries
Financial Institutions

Private Capital

### Education and admissions

**Education**
J.D., Columbia Law School, 1982

B.A., with distinction, Indiana University, 1979

**Bar admissions**
California

New Jersey

New York

**Court admissions**
U.S. Supreme Court

U.S. Court of Appeals, Second Circuit

U.S. Court of Appeals, Ninth Circuit

U.S. District Court, Northern District of California

U.S. District Court, Southern District of California

U.S. District Court, Central District of California

U.S. District Court, District of New Jersey

U.S. District Court, Eastern District of New York

U.S. District Court, Southern District of New York

Computing.

- Represented Conseco, Inc. in the seventh largest U.S. bankruptcy filing. Conseco reported assets of over US$60bn, and confirmed a Chapter 11 plan in only nine months.*

- Representing Mattel in the Toys R Us Chapter 11 case, as the largest trade creditor and creditors committee co-chair.

- Represented Synopsys as the largest creditor and plan co-proponent in the AtopTech Chapter 11 case.*

- Represented Relativity Media and its affiliates in a Chapter 11 case, confirming a plan of reorganization.*

- Represented American Apparel, Inc. as lead debtors' counsel in its 2015 Chapter 11 case.*

- Represented All American Oil and Gas, Inc. in restructuring a senior secured revolving credit facility to refinance debt and fund reserve development in the Kern River Oil Field.*

- Represented Fox and Universal City Studios as rescue and DIP financiers to Rhythm & Hues, Inc., which filed for Chapter 11 in 2013, just before winning an Oscar for Life of Pi.*

- Represented Sprint Nextel Corporation with respect to the out-of-court restructuring and financing of its majority-owned subsidiary Clearwire Corp.*

## Awards and rankings

Finance: Restructuring (including bankruptcy), *Legal 500 US*, 2019-2020

Bankruptcy/Restructuring (USA), *Chambers Global*, 2006-2019

Bankruptcy/Restructuring (California), *Chambers USA*, 2006-2020

## Latest thinking and upcoming events

### Publications

"Navigating distress and insolvency in the oil and gas industry"

"Coronavirus Aviation sector update - March 2020"

"Coronavirus and cracks in your armor: Recognizing impending financial stressors spawned by a health pandemic"

"Thinking ahead: Distressed M&A in uncertain times"

# David P. Simonds

## Partner, Los Angeles, New York



When distressed debt investors, financially troubled companies, and acquirers of businesses and assets need an experienced lawyer to guide them through a Chapter 11 case or an out-of-court restructuring, they turn to David Simonds.

For more than 25 years, David has been advising on financial restructuring matters across several industries. He has been involved in first-of-their-kind, complex restructurings both in the United States and internationally, including cross-border transactions and insolvencies.

Clients have praised David as a "very pragmatic, deal-centered lawyer who focuses on results" and *Chambers* notes that, "He knows the ins and outs of bankruptcy very well, his advice is always on point, and he is easy to work with and very responsive."

Prior to joining Hogan Lovells, David was most recently with a prominent international law firm for 19 years, 15 of which as a partner in the financial restructuring group. David also previously served as Director of Operations for a leading apparel company. He is also a certified public accountant, registered in South Dakota (inactive).

## Representative experience

- Representing the Official Committee of Unsecured Creditors of Speedcast International Limited in its Chapter 11 bankruptcy filing, pending in the Bankruptcy Court of the Southern District of Texas.

- Representing the Official Committee of Unsecured Creditors of processor technology and artificial intelligence company Wave Computing.

- Represented an ad hoc group of second-lien note holders in connection with internet content and cloud-based customer solutions company Answers Corp. in pre-packaged Chapter 11 case.*

- Represented an ad hoc group of unsecured noteholders of an oil and gas exploration and production company in connection with the renegotiation of its restructuring through a prepackaged

**Contact**

+1 310 785 4647, Los Angeles
+1 212 918 3747, New York
david.simonds@hoganlovells.com

### Practices

Business Restructuring and Insolvency

### Industries

Financial Institutions

Private Capital

### Areas of focus

Creditor Representation in Restructurings and Insolvencies

Cross-border Restructuring and Insolvency

Debtor Representation in Restructurings and Insolvencies

Hedge Funds

### Education and admissions

**Education**

J.D., New York University School of Law, 1992

B.S., summa cum laude, State University of New York at Albany, 1989

**Bar admissions**

California

New York

Certified Public Accountant, South Dakota (inactive)

**Memberships**

Fellow, American College of Investment Counsel (ACIC), 2012-present

Member, ABI

Member, Association of Business Trial Lawyers

Member, Communications Committee

Chapter 11 case.

and Development Committee, ACIC

- Advised an ad hoc group of noteholders of oil and gas producer Atlas Resource Partners in connection with its restructuring, effected through a prepackaged Chapter 11 case.*

- Represented a term lender in restructuring a specialty agriculture company in its restructuring, leading the client through acquisition of majority ownership in the company.*

- Represented the official committee of unsecured creditors in the Chapter 11 case of Imperial Capital Bancorp, a bank holding company.

- Lead U.S. counsel regarding protection of a client's rights as noteholder of a Canadian lumber products company in proceedings under the Canadian Business Corporations Act (CBCA).*

- Represented the official committee of unsecured creditors in the Chapter 11 case of Delta Air Lines.*

- Represented the official committee of unsecured creditors in the Chapter 11 case of Washington Mutual Inc., a bank holding company in largest commercial bank failure.*

- Represented an ad hoc group of gateway owners in the Chapter 11 case of Iridium Operating, a global satellite telephone company.*

- Advised an ad hoc group of secured noteholders of a Chilean transportation/bus company in connection with its prepackaged Chapter 11 case in the United States.*

- Represented an ad hoc group in the acquisition of ownership of a U.S. and Canadian thrift retailer through a debt-for-equity exchange and new money investment.*

- Represented the official committee of unsecured creditors in the Chapter 11 case of Loral Space & Communications, an international satellite telecommunications company and manufacturer.*

- Represented the official committee of unsecured creditors in the Chapter 11 case of FLAG Telecom Holdings Ltd., an international telecommunications company.*

## Awards and rankings

Bankruptcy/Restructuring (California), *Chambers USA*, 2013-2020

Bankruptcy and Creditor Debtor Rights / Insolvency and Reorganization Law (Los Angeles), *Best Lawyers in America*, 2007-2019



# Jasper Howard

## Partner, Washington, D.C.

Jasper Howard assists clients in structuring and executing transactions in a tax-efficient manner. Clients often turn to Jasper for their largest, most important transactions that present difficult tax issues. He has broad experience in analyzing complex transactions and providing creative, workable solutions that meet the client's tax and business objectives, making him a go-to source for tax advice on major business transactions.

For more than 25 years, Jasper has advised on tax aspects of a broad range of transactions, including tax-free spin-offs and restructurings of multibillion dollar companies. He frequently advises on mergers and acquisitions of public companies as well as closely-held businesses in taxable and tax-free transactions, including multistep tax-free reorganizations. He advises on both domestic and international joint ventures, and structuring inbound and outbound investments and other cross-border transactions. He also works extensively with clients in structuring and implementing internal reorganizations, especially in the international context, to integrate acquired businesses and re-align multijurisdictional organizational structures.

Jasper is often called upon to help clients obtain private letter rulings from the IRS and achieve favorable results in IRS audits. He has obtained numerous private letter rulings on an array of issues, including tax-free spin-offs, tax-free reorganizations, section 382 issues, and consolidated federal income tax return matters, a topic he has worked on extensively and written about professionally.

From 1995 to 1998, Jasper served as special counsel to the IRS chief counsel, where he participated in the development and formulation of regulations and other administrative guidance involving corporate, partnership, and international tax matters.

He is an adjunct professor in the LL.M (taxation) program

+1 202 637 5437, Washington, D.C.
jasper.howard@hoganlovells.com

## Practices

Tax

Pensions

## Industries

Private Capital

## Education and admissions

**Education**

LL.M., New York University School of Law, 1989

J.D., Duke University School of Law, 1987

B.S., University of Kentucky, 1984

**Bar admissions**

District of Columbia

of Georgetown University Law Center, where he teaches Corporate Income Tax Law II, which focuses on tax-free reorganizations and spin-offs. He is also a frequent speaker at tax conferences.

## Representative experience

- Celgene Corporation in its acquisition of Impact Biomedicines for up to US$7bn.
- Marvell Technology Group in its acquisition of Cavium valued at US$6bn.
- RLJ Lodging Trust in its US$4.2bn acquisition of FelCor Lodging Trust Incorporated.
- Orbital Sciences Corporation in its US$9.2bn acquisition by Northrop Grumman Corporation.
- KBR, Inc. in its acquisition of SGT, Inc.

## Latest thinking and upcoming events

**Publications**

"Considerations in Seeking Private Letter Rulings for Spinoffs" Tax Notes, Volume 163, Number 9

"10 things international groups need to know about U.S. tax reform" Tax Alert

"Pulse: U.S. tax reforms to spark global M&A activity" Pulse | Issue 5, 4 September 2017

"Consolidated Tax Returns, 4th Ed." Thomson Reuters, 2016-2017

"Consolidated Return Aspects of the Proposed Debt-Equity Regulations" Tax Notes Vol. 152

"Pulse: US tax reforms to spark global M&A activity" Pulse, September 2017



# Pieter Van Tol

Partner, New York

Pieter Van Tol has acted as lead counsel in many of the seminal cases in the insurance and reinsurance field. With more than 25 years of litigation experience, he is recognized in multiple directories as one of the top practitioners in the reinsurance industry.

Over the course of his career, Pieter has acted as lead counsel for numerous arbitrations that went to final hearing and in several jury and bench trials. Most recently, Pieter has concentrated on the developing area of broker-related insurance and reinsurance disputes, and was counsel for a major reinsurance broker in an influential decision on broker-transition issues.

In addition to his reinsurance work, Pieter advises clients on directors' and officers' liability policies, bankruptcy litigation, international arbitration, and other cross-border matters. Clients have also turned to Pieter for advice on litigation issues in several major bankruptcies. Pieter represented the official creditors committee and liquidating trustee in the multibillion-dollar bankruptcy involving Abengoa S.A., and has advised several debtors (including Orexigen Therapeutics, Signal International, KaloBios Pharmaceutical, and Allonhill) in connection with their Chapter 11 cases.

Because of his familiarity with the intricacies of cross-border disputes, including cutting-edge issues relating to personal jurisdiction, subject matter jurisdiction, and the enforcement of judgments by or against foreign companies, clients have asked Pieter to act on their behalf in international arbitrations and related litigation (including appeals). These disputes have involved the information management, telecommunications, mortgage, real estate, chemical, automotive, metals, and oil industries throughout the world, including Russia, Ukraine, Germany, France, Britain, China, Indonesia, and Canada.

+1 212 909 0661, New York
pieter.vantol@hoganlovells.com

## Practices

Litigation Services

Insurance

Insurance Litigation

Insolvency Litigation

## Industries

Insurance

## Areas of focus

Telecommunications and Wireline

## Education and admissions

### Education

J.D., University of Washington, 1994

M.A., Columbia University, 1988

B.A., summa cum laude, Dartmouth College, 1985

### Bar admissions

New York

### Court admissions

U.S. Court of Appeals, Second Circuit

U.S. District Court, Eastern District of New York

U.S. District Court, Southern District of New York

U.S. District Court, Western District of New York

U.S. Supreme Court

## Languages

English

## Representative experience

- Representing an information management company in cross-border litigation involving artificial intelligence (AI) against a German supplier of AI software.

- Representing a reorganized debtor in adversary proceeding in Delaware bankruptcy court asserting breach of contract, avoidance, and related claims.

- Advising a foreign reinsurer in connection with insolvency and bankruptcy issues in the United States.

- Advising on directors' and officers' insurance issues and litigation matters in Orexigen Therapeutics Chapter 11 proceeding.

- Advising an energy company in connection with insurance aspects of maritime litigation arising out of oil delivery.

- Advising clients with respect to litigation aspects of Title III proceedings in Puerto Rico under the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

- Representing a food manufacturer in litigation involving claims of misleading labeling.

- Representing the official committees of unsecured creditors and liquidating trustee in litigation bankruptcy of the Missouri and Kansas cases of Abengoa with US$9bn in debt.

- Advised a foreign investment firm on potential litigation relating to real estate holdings in New York.

- Advised a receiver in New York state court receivership proceedings and represented receiver in litigation and arbitration relating to recovery of assets.

- Advised on litigation and insurance matters in KaloBios Pharmaceutical Chapter 11 proceeding.

- Represented an international telecommunications company in New York federal court enforcement of billion-dollar International Chamber of Commerce (ICC) award.

- Represented a foreign insurer in jury trial in state court against reinsurance brokers for breach of contract and tort.

- Represented an international chemical company in United Nations Commission on International Trade Law (UNCITRAL) arbitration arising out of sale of German plant.

- Represented a French automotive battery manufacturer in International Centre for Dispute Resolution (ICDR) arbitration with a U.S. company and proceedings from a joint venture.

- Represented a reinsurance broker in New York federal court action to recover unpaid commissions from predecessor

broker.

- Represented an international telecommunications company in UNCITRAL arbitration and related court proceedings involving breach of shareholders agreement.

- Represented an insurer in bench trial in New York federal court arising out of reinsurer's failure to pay claims on the basis of alleged late notice.

- Represented reinsurers in arbitration defending against claim for US$50m arising out of asbestos and other losses and prosecuting counterclaims.

### Awards and rankings

Insurance and Reinsurance, *Who's Who Legal*, 2014-2018

Insurance: Advice to Insurers, *Legal 500 US*, 2013

Insurance: Dispute Resolution: Insurer (New York), Recognised Practitioner, *Chambers USA*, 2012-2013

### Latest thinking and upcoming events

**Publications**

"Service of Suit Clauses: Do They Also Dictate the Applicable Law in Reinsurance Disputes?" ARIAS•U.S. Quarterly

"Parallel Proceedings in the U.S. and Foreign Courts:  The Variable Role of International Comity" International Aspects of U.S. Litigation, 2017

# Bennett L. Spiegel

Partner, Los Angeles



Bennett Spiegel has advised debtors, creditors, creditors' committees, bondholders, trustees, and asset purchasers in complex restructurings and Chapter 11 bankruptcies for over three decades.

Bennett represented the largest bondholder in the Chapter 11 cases of Stearns Holdings and its affiliates in New York where, after negotiating a restructuring support agreement, the bondholders voted unanimously to accept the confirmed plan.

Bennett recently represented All American Oil & Gas and its affiliates as debtors in confirming their Chapter 11 plan in San Antonio. He previously represented Royal Bank of Scotland in the Thornburg Mortgage Chapter 11 cases in Baltimore, where he settled claims exceeding US$500 million asserted by the Chapter 11 trustee for less than five percent of the amount asserted after nine years of litigation.

Before he joined the firm, Bennett's successes included representing Dignity Health as joint venturer with certain debtors in the Adeptus Chapter 11 cases in Dallas; representing Los Angeles-based Relativity Media in its television business Section 363 sale and confirmation of its Chapter 11 reorganization plan around its film business in New York, reducing debt by over US$600 million; and plan confirmation in MF Global creditor plan proponents for over US$1 billion and dismissal of claims seeking US$4.3 billion from Adelphia non-agent secured lenders. He successfully represented Greenwich Capital against the ABFS Chapter 7 trustee seeking more than US$100 million in which summary judgment was entered against the trustee on all claims. He advised Greenwich Capital in its US$500 million, US$215 million, and US$100 million DIP financings of ABFS, Oakwood Homes, and New Century Financial. Other Chapter 11 creditor matters include lead

+1 310 785 4603, Los Angeles
bennett.spiegel@hoganlovells.com

**Practices**

Business Restructuring and Insolvency

**Industries**

Financial Institutions

**Education and admissions**

**Education**

J.D., Yale Law School, 1984

M.B.A., Yale School of Management, 1983

B.A., with highest honors, Rutgers, The State University of New Jersey, Rutgers College, 1980

**Bar admissions**

California

Connecticut

District of Columbia

New York

New Jersey

**Memberships**

American Bankruptcy Institute

Financial Lawyers Conference

Los Angeles Bankruptcy Forum

The Bankruptcy Strategist, Editorial Board

**Languages**

English

trial counsel for the creditors' committee plan proponent in the US$600 million Reed Slatkin Ponzi scheme case, asset purchaser Morgan Creek, and Mötley Crüe in its lead singer's bankruptcy.

<span style="color:green">Representative experience</span>

- Represented Relativity Media, LLC and many of its affiliates through a Chapter 11 proceeding in bankruptcy and confirmed its plan of reorganization.*

- Represented an ad hoc group of financial institutions holding more than US$1.6bn in claims in the Chapter 11 bankruptcy cases of MF Global Holdings Ltd. and its related debtors.*

- Negotiated and documented the out-of-court restructuring of obligations for an acute care hospital, reducing projected debts by over US$155m and avoiding a Chapter 11 filing.*

- Obtained the dismissal of 22 out of 31 claims for The Royal Bank of Scotland Plc filed by the Chapter 11 Trustee in the Chapter 11 case of Thornburg Mortgage, Inc.*

- Represented Sprint Nextel Corporation with respect to the out-of-court restructuring and equity raise of Clearwire Corp. and Clearwire LLC.*

- Represented East West Bank, one of the largest independent commercial banks in California, in its successful appeal of Ravello Landing's confirmation order.*

- Represented a Starwood Capital-led consortium in restructuring over US$300m of debt related to the recapitalization of Terranea Resort in California.*

- Represented Daughters of Charity Hospital System in its efforts to acquire Downey Regional Medical Center, a Chapter 11 debtor, through a plan of reorganization.*

- Represented approximately 400 lending institutions (Non-Agent Lenders) in the Adelphia Communications bankruptcy case.*

- Represented the Chapter 11 debtor in the US$385m sale of Leiner Health Products.*

- Represented the Chapter 11 debtor in Calpine's disposition of US$1bn+ in power plants.*

- Represented the Chapter 11 debtor in developing a reorganization plan for W.R. Grace.*

- Represented the Chapter 11 debtor in selling Cable & Wireless USA for multiples of the stalking-horse bid.*

- Represented the Chapter 11 debtor in confirmed

reorganization plan for actress Zsa Zsa Gabor.*

- Advised Greenwich Capital in its US$500m, US$215m, and US$100m DIP financings of ABFS, Oakwood Homes, and New Century Financial.*

- Acted as lead trial counsel for the creditors' committee plan proponent in the US$600m Reed Slatkin Ponzi scheme case.*

- Represented asset purchaser Morgan Creek.*

- Represented the Mötley Crüe band and its members as creditors in the bankruptcy of its lead singer.*

## Awards and rankings

Bankruptcy/Restructuring (California), *Chambers USA*, 2011-2020

Bankruptcy: Business, *Southern California Super Lawyers*, 2005-2020

Finance: Restructuring (including bankruptcy), *Legal 500 US*, 2019-2020

## Latest thinking and upcoming events

**Publications**

"A creditor's game plan in Chapter 11: Five things to consider"

"Navigating coronavirus: Considerations for rent modifications in the U.S." Real Estate Update

# Stephanie Yonekura

Partner, Los Angeles



+1 310 785 4668, Los Angeles
stephanie.yonekura@hoganlovells.com

Stephanie Yonekura leads our global Investigations, White Collar, and Fraud practice. She is a member of the firm's Crisis Leadership Team and regularly advises clients on corporate compliance issues and policies.

She brings a unique perspective to any internal investigation. Having served as a federal prosecutor for 14 years and as the Acting U.S. Attorney in Los Angeles, Stephanie knows the hot-button issues that are considered in every stage of any government investigation. As the Acting U.S. Attorney of the largest office outside of Washington, D.C., Stephanie was an active participant in the larger U.S. Department of Justice (DOJ) community, serving on nationwide committees on white collar fraud, cybercrime, and intellectual property. Stephanie is a highly accomplished trial attorney, exuding confidence, knowledge, and integrity in the courtroom.

In private practice, Stephanie uses her substantial experience in the trenches, in the courtroom, and as the chief law enforcement officer in Los Angeles to help clients understand the key issues and investigate matters strategically and surgically.

## Representative experience

- Represented a tech company in a False Claims Act case and advocated for DOJ and California not to intervene. The court dismissed with prejudice and awarded attorney's fees.

- Conducted an internal investigation for a food company involving potential Foreign Corrupt Practices Act (FCPA) violations in Thailand.

- Conducted an internal investigation for a Fortune 500 company involving potential FCPA violations in the United Arab Emirates.

- Represented a Fortune 500 health care company in arbitration contract dispute. Obtained judgment in client's

### Practices

Gaming Law

Investigations, White Collar, and Fraud

Litigation Services

Privacy and Cybersecurity

Crisis Leadership Team

Technology Litigation

### Industries

Financial Institutions

Life Sciences and Health Care

TMT

### Areas of focus

Bribery and Corruption

Financial Services Regulatory Investigations and Enforcement

Anti-money Laundering

False Claims Act and Qui Tam

Risk Management, Governance, and Compliance

Breach Preparedness, Response, Investigation, and Comms

Corporate and Shareholder Litigation in the U.S.

### Education and admissions

**Education**

J.D., University of California, Los Angeles School of Law, 1996

B.A. Political Science, magna cum laude, University of California, Los Angeles, 1992

Case: 20-50682     Doc# 1098     Filed: 02/01/21     Entered: 02/01/21 11:40:12     Page 50 of 72

favor and award of attorney's fees.

- Represented a software developer in connection with alleged fraud scheme investigation by DOJ.

- Represented a university in connection with a National Science Foundation - Office of Inspector General (NSF-OIG) and DOJ investigation relating to alleged grant fraud.

- Conducted an internal investigation for a university relating to alleged health care fraud violations.

- Represented a medical device company in a U.S Food and Drug Administration and OIG investigation.

- Represented a Fortune 500 life sciences company in connection with a U.S. Securities and Exchange Commission (SEC) insider trading investigation.

- Represented a Fortune 50 health care company in connection with DOJ health care fraud investigation.

- Represented a private investment firm in connection with an SEC fraud investigation.

- Advised media companies on cybersecurity incident response preparation and planning.

- Oversaw a DOJ investigation of the hacking of one of the world's largest entertainment companies reportedly by a foreign government.

- Supervised a DOJ residential mortgage-backed securities (RMBS) investigation into a major financial institution, resulting in a record billion-dollar settlement.

- Oversaw a DOJ investigation of a national rating agency's rating of RMBS and collateralized debt obligations leading to a multimillion-dollar settlement.

- Authorized every qui tam intervention decision in Los Angeles as Acting U.S. Attorney and First Assistant U.S. Attorney.

## Awards and rankings

Litigation: White-Collar Crime & Government Investigations (California), *Chambers USA*, 2019-2020

Leaders of Influence: Top Litigators and Trial Lawyers, *Los Angeles Business Journal*, 2020

## Latest thinking and upcoming events

### Publications

"Protecting attorney work product in internal

**Bar admissions**

California

**Memberships**

Board Member, Japanese American Bar Association, 2015-2016

Board Member, Library Foundation of Los Angeles, 2016

Member, Los Angeles Police Commission's Advisory Committee

**Languages**

English

investigations: A cautionary tale"

"Executive considerations: government collusion with corporate counsel in internal investigations" Financial Executives International

"DOJ refines cooperation requirements of FCPA corporate enforcement policy" Client Alert

"ADG Insights: 2019 Bribery and corruption enforcement landscape" ADG Insights

"You've Been Served! A Guide for What to Do When the Government Comes Knocking" Litigation, Volume 44, Number 4, American Bar Association, Summer 2018

"Global bribery and corruption outlook 2018"

# Gejaa T. Gobena

Partner, Washington, D.C.



+1 202 637 5513, Washington, D.C.
gejaa.gobena@hoganlovells.com

**Practices**

Health Law

Investigations, White Collar, and Fraud

Litigation Services

**Industries**

Life Sciences and Health Care

**Areas of focus**

False Claims Act and Qui Tam

**Education and admissions**

**Education**

J.D., Columbia Law School, 1998

B.A., with high distinction, University of Virginia, 1995

**Bar admissions**

District of Columbia

New York

Gejaa Gobena uses his almost two decades of experience as both a former senior prosecutor and private attorney to help companies and individuals thoughtfully navigate high-stakes investigations and government enforcement actions, particularly in the area of healthcare fraud.

Health care is one of the largest parts of our economy and raises unique issues that touch on public policy and patient health and safety. Gejaa has handled investigations in every part of the health care industry, and his unique experience and approach to handling complex matters is especially valuable to clients as they evaluate allegations, assess risks, and respond to government investigations.

Prior to joining Hogan Lovells, Gejaa served as Deputy Chief of the Fraud Section in the Criminal Division of the United States Department of Justice. As Deputy Chief, he led the Criminal Division's 50-attorney healthcare fraud unit, supervising prosecutions brought by Medicare Fraud Strike Force teams across the country and spearheading the unit's recent shift to investigating and prosecuting broader corporate health care fraud schemes. Prior to joining the Criminal Division, Gejaa spent six years in the Civil Division, investigating and prosecuting False Claims Act and *qui tam* matters that resulted in hundreds of millions of dollars in judgments and settlements.

Gejaa has received numerous awards as a result of his government service, including the Attorney General's Award for Fraud Prevention in 2016 and in 2011, the Award for Excellence from the Health and Human Services Department of the Office of the Inspector General in 2015, and the Assistant Attorney General's Award for Distinguished Service in 2013. In 2011, he was also selected by the *National Law Journal* as one of the top 40 minority attorneys under 40.

## Awards and rankings

Healthcare: Service Providers, *Legal 500 US*, 2017

Dispute Resolution: Corporate Investigations and White-Collar Criminal Defense, *Legal 500 US*, 2017

Attorney General's Award for Fraud Prevention, *U.S. Department of Justice*, 2016, 2011

Award for Excellence, *U.S. Health and Human Services Department of the Office of the Inspector General*, 2015

Assistant Attorney General's Award for Distinguished Service, *U.S. Department of Justice*, 2013

## Latest thinking and upcoming events

**Publications**

"Supreme Court curtails federal public corruption prosecutions in "Bridgegate" case"

"FCA Guide: 2019 and the road ahead" Hogan Lovells

"DOJ refines cooperation requirements of FCPA corporate enforcement policy" Client Alert

"DOJ memorandum provides clarified guidance on corporate inability-to-pay claims" International Law Office

"DOJ issues new guidance regarding cooperation in False Claims Act investigations"

"Updated DOJ guidance underscores importance of implementing a truly effective corporate compliance program"

# James M. Wickett

Partner, Washington, D.C.



Jamie Wickett is well-known by clients and policymakers as one of Washington's leading advocates for corporations, nonprofits, coalitions, and trade associations seeking government policy change – or seeking to prevent change. His practice focuses on federal tax policy as well as energy, environmental, financial services, pension, and technology issues, in both legislative and regulatory matters.

With more than 25 years of experience, on Capitol Hill at a major business trade association and in private practice, Jamie is well-practiced in drafting technical legislative or regulatory proposals. He combines this skill with the ability to develop and implement advocacy strategies to achieve client objectives in the political arena. One particular area of focus for Jamie has been the advocacy of legislative and regulatory solutions in areas where government policy has failed to keep up with advancing technologies, such as alternative energy technologies, advanced vehicles, or financial practices.

Jamie is also a founding member of the firm's Political Law Compliance Practice Group, where he helps clients comply with federal election laws, the Lobbying Disclosure Act, and congressional ethics rules.

## Representative experience

- Drafting and successful advocacy of extended net operating loss carryback for electric utilities.

- Successful development and advocacy of tax incentive for enhanced oil recovery using captured carbon dioxide.

- Represented major automaker in successful effort to revise electric vehicle tax credit statute.

- Represented a coalition of electric utilities in successful effort to revise solar investment tax credit statute.

- Represent major energy power producer in advocating changes to U.S. international tax reform legislation.

+1 202 637 6422, Washington, D.C.
james.wickett@hoganlovells.com

**Practices**

Government Relations and Public Affairs

Tax

**Areas of focus**

Energy Legislation and Policy

Legislation

Political Law Compliance

Tax Legislation and Policy

**Education and admissions**

**Education**

J.D., The George Washington University Law School, 1997

B.A., Tulane University, 1989

**Bar admissions**

District of Columbia

**Memberships**

Advisory Board Member, NFIB Legal Foundation

## Latest thinking and upcoming events

**Publications**

"Congress modifies terms of PPP to provide borrowers with greater flexibility"

"House and Senate considering bills to enhance flexibility for PPP borrowers, including by extending forgiveness period"

"COVID-19: The Federal Reserve Board revises terms and issues FAQs for the Main Street Lending Program"

"Braving a perfect storm: Avoiding legal and reputational risk associated with CARES Act oversight and investigations"

"A (cloudy) CARES 2.0 "crystal ball""

"REVISED (Update #3): COVID-19 U.S.: Navigating the Paycheck Protection Program (PPP) under the CARES Act and recent SBA guidance"

# Babak Nikravesh

Partner, Silicon Valley, San Francisco



Babak Nikravesh represents institutional investors and managers on their cross-border investment strategies and operations.

Babak has worked closely with institutional investors, including sovereign wealth funds, public sector pension funds, social security funds, and international organizations, for nearly two decades, well before the term "sovereign wealth fund" was coined. He has advised investors on hundreds of investment transactions across diverse asset classes and geographies, including fund, co-invest and direct investments in venture capital, private equity, real estate, infrastructure, and debt.

Babak counsels clients on the various operational and regulatory issues that arise from operating abroad, with particular emphasis on the complex tax issues relating to both sovereign institutions and their employees. He also advises the sponsors and managers of a variety of investment funds, including Opportunity Zone Funds, on formation, investment, and operational issues, and represents universities in the United States and abroad on diverse matters.

Recognized in *Chambers USA* and *Legal 500 US*, Babak speaks and writes regularly on a variety of international topics, and is the author of *U.S. Income Taxation of Foreign Governments, International Organizations, Central Banks and Their Employees*, the leading treatise on the taxation of government-linked investors. His works have been cited in numerous publications, including the *Oxford Guide to Treaties*, *The Practice of Shared Responsibility in International Law* and the forthcoming edition of *International Law: A Treatise, Volume 1* by L. Oppenheim. An avid soccer fan, Babak coaches youth soccer in his free time.

+1 650 463 4123, Silicon Valley
+1 415 374 2463, San Francisco
babak.nikravesh@hoganlovells.com

## Practices

Education

Infrastructure, Energy, Resources, and Projects

Investment Funds

Joint Ventures

Pensions

Private Equity

Real Estate

Tax

## Industries

Diversified Industrials

Energy and Natural Resources

Financial Institutions

Real Estate

Technology & Telecoms

Private Capital

## Areas of focus

Corporate and Commercial Transactions

Fund Structuring and Establishment

Infrastructure Funds

Institutional Investors

International Tax Planning

Investment Funds and Tax

Infrastructure/Energy M&A and Joint Ventures

M&A and Tax

Private Equity and Venture Capital Funds

## Representative experience

- Advised a national social security fund on tax and regulatory issues arising from the establishment of branch offices abroad.

- Advised a Middle Eastern sovereign wealth fund on its solar energy joint venture.

- Advised a Southeast Asian sovereign wealth fund on its US$285 million follow-on investment in Duquesne Light, the largest electric utility in greater Pittsburgh.

- Advised an Australian superannuation fund on its investment in Waterland Private Equity Fund VII, a Dutch fund focused on investments in Northern Europe.

- Advised a Canadian pension fund on a multibillion dollar restructuring of its global real estate portfolio.

- Advised a Southeast Asian sovereign wealth fund on its direct investment in Neo On Business Ltd, a Brazil-based software company.

- Advised an East Asian sovereign wealth fund on its investment in GSO Capital Solutions Overseas Fund III.

- Advised a Middle Eastern sovereign wealth fund in its acquisition of an office campus in North Carolina.

## Awards and rankings

Tax: U.S. Taxes: Non-Contentious, *Legal 500 US*, 2020

Investment Funds: Private Equity Funds (Including Venture Capital), *Legal 500 US*, 2020

Tax: International Tax, *Legal 500 US*, 2018-2020

Tax (Northern California), *Chambers USA*, 2015-2016, 2019

Pro Bono Achievers, *The Recorder*, 2012

## Latest thinking and upcoming events

### Publications

"Taking advantage of the secondaries market" FS Super

"Why are investors looking to qualified opportunity funds for U.S. real estate investment opportunities?"

"Top five takeaways from Hogan Lovells Sovereign Investment Conference and a tax list" Private Equity Alert

"A changing world creates challenges and opportunities for sovereign wealth funds"

Public International Law

Real Estate Tax and REITs

Secondaries

Sovereign Investors

Tax Exempt

Hogan Lovells China Desk

## Education and admissions

**Education**

M.A., Stanford University, 1998

LL.M., London School of Economics and Political Science, 1997

J.D., University of California, Los Angeles School of Law, 1996

B.A., University of California, Berkeley, 1992

**Bar admissions**

California

New York

"The New FIRPTA Exemption for Foreign Pension Funds"
International Tax Review, February 2016

"New Partnership Tax Audit Rules Will Impact Private
Investment Fund Vehicles", November 2015

# Ann Chungsun Kim

Partner, Los Angeles



+1 310 785 4711, Los Angeles
ann.kim@hoganlovells.com

**Practices**

Investigations

Litigation

Commercial Litigation

**Industries**

Financial Institutions

Life Sciences and Health Care

**Areas of focus**

Anti-money Laundering

Anti-corruption and FCPA

Corporate and Shareholder Litigation in the U.S.

Financial Services Regulatory Investigations and Enforcement

Government Investigations

White Collar Crime and Fraud

**Education and admissions**

**Education**

J.D., magna cum laude, Pepperdine University School of Law, 2000

B.A., University of California, Los Angeles, 1992

**Bar admissions**

California

**Memberships**

ABA White Collar Crime Committee, Southern California Region, Co-Chair

**Court admissions**

U.S. Court of Appeals, Ninth Circuit

Whether dealing with securities investigations or the thorniest of white collar matters, Ann Kim helps clients navigate what can be some of the most challenging legal issues for a company.

Ann represents clients from the earliest stages of an investigation through trial during criminal and civil regulatory matters and handles complex civil business litigation. Moreover, she leverages her legal acumen and trial experience to advise clients across various industries, including public companies, health care organizations, financial institutions, and investment funds.

With over 12 years of experience working in the federal government, Ann strategically draws upon her wealth of knowledge to advise clients and provide insight on how to navigate a government investigation. She spent the last five years in the U.S. Attorney's Office for the Central District of California and, prior to that, seven years as a senior counsel in the Enforcement Division of the Securities and Exchange Commission's Los Angeles Regional Office. While at the U.S. Attorney's Office and the SEC, Ann investigated and litigated high-profile securities matters and violations of federal securities laws, including fraudulent investment schemes, violations of the Foreign Corrupt Practices Act, and insider trading cases that involved Fortune 500 companies. Before joining the government, Ann spent six years as an associate and counsel at a multinational law firm.

Ann is fluent in Korean and has close ties to the Korean community in the greater Los Angeles area.

# Julia McLetchie

Counsel, Boston



+1 617 371 1036, Boston
julia.mcletchie@hoganlovells.com

Julia McLetchie represents companies and individuals in government investigations, white-collar criminal defense, complex business litigation, and products liability matters.

She serves clients in the life sciences, health care, medical device, pharmaceutical, and financial industries. She has significant experience conducting robust internal investigations and assisting clients in determining how to proceed.

Julia advises clients facing allegations of health care fraud, including violations of the False Claims Act; the Anti-Kickback Statute; and the Food, Drug, and Cosmetic Act. She also handles numerous products liability matters (including multidistrict litigation), contract disputes, partnership and intra-corporate disputes, and employment matters. She is particularly experienced in electronic discovery and all stages of criminal and civil litigation, from indictment or complaint through trial and sentencing.

Julia served as a Special Assistant Federal Defender in the District of Massachusetts. During this time, she represented indigent clients in all stages of the federal criminal process, including trial, sentencings, supervised release violation hearings, plea agreement negotiations and Rule 11 hearings, and at pretrial and presentence interviews.

Julia is dedicated to pro bono services and successfully represented a federal inmate seeking commutation of sentence from the president, and inmates seeking habeas corpus relief under *Johnson v. United States*. She also represents victims of domestic violence in family law and restraining order matters and has helped obtain political asylum for clients from Rwanda and Sudan.

Julia joined the firm after practicing for three years in the Boston office of another global law firm. During that time,

### Practices

Litigation Services

Investigations, White Collar, and Fraud

Employment

Health Law

### Industries

Financial Institutions

Diversified Industrials

Life Sciences and Health Care

### Areas of focus

False Claims Act and Qui Tam

### Education and admissions

**Education**

J.D., magna cum laude, Boston College Law School, 2007

B.A., summa cum laude, Connecticut College, 2003

**Bar admissions**
Massachusetts

**Memberships**
Boston Bar Association

Boston Bar Foundation, Society of Fellows

Federal Bar Association, Board Member in Criminal Law Section, Massachusetts Chapter

Massachusetts Association of Criminal Defense Lawyers

National Association of Criminal Defense Lawyers

Case: 20-50682    Doc# 1098    Filed: 02/01/21    Entered: 02/01/21 11:40:12    Page 61 of 72

she completed a firm-sponsored fellowship in the Family
Law Unit at Greater Boston Legal Services. Prior to that, she
was a law clerk for the Honorable Christopher F. Droney,
U.S. District Court for the District of Connecticut.

**Court admissions**

U.S. District Court, District of
Massachusetts

U.S. Court of Appeals, First Circuit

## Representative experience

- Obtained summary judgment and dismissal of all counts for
  banking client in a mortgage fraud matter.*

- Represent businesses and witnesses in investigations
  involving potential violations of the False Claims Act, Anti-
  Kickback Statute, Stark Laws, and other federal laws.

- Obtained US$1m+ verdict in action for breach of
  stockholder's agreement and defended client in fraud, waste,
  and breach of fiduciary duty counterclaims.*

- Represented medical device manufacturer in complex multi-
  district litigation comprised of over 10,000 lawsuits alleging
  manufacture of defective products.*

- Obtained sentences of probation for clients charged with
  federal crimes such as counterfeiting and distribution of
  controlled substances.*

- Negotiated favorable settlement in dispute regarding
  allocation of assets pursuant to a securities purchase and sale
  agreement.*

- Assisted in negotiation of favorable settlement after discovery
  in a class action suit against financial institution.*

## Awards and rankings

Rising Star, Business Litigation, Criminal Defense: White
Collar, *Super Lawyers*, 2014-2017

## Latest thinking and upcoming events

**Publications**

"Supreme Court curtails federal public corruption
prosecutions in "Bridgegate" case"

"Podcast series: False Claims Act 2018 and the road ahead"
Podcast

"False Claims Act: 2018 and the road ahead"



# Helen Y. Trac

## Senior Associate, San Francisco

Helen Trac represents leading technology companies on technologies encompassing consumer electronic devices such as e-book readers, tablets, and smartphones.

Equipped with both engineering and law degrees, Helen helps clients navigate federal district courts, the U.S. Court of Appeals for the Federal Circuit, and the International Trade Commission. She is licensed to practice before the U.S. Patent and Trademark Office, with a focus on new patent proceedings such as inter partes review. She also assists clients in transferring intellectual property assets, including pre-acquisition due diligence evaluating the patent portfolio of the target firm.

In addition to her IP practice, Helen also represents clients in a number of class action cases, in both federal and California state court. Her class action experience includes privacy claims with respect to mobile apps, unfair competition claims regarding the medical coding practice of a national clinical laboratory, and false advertising claims levied against a luxury car manufacturer. She has also worked on several class action cases involving food labeling claims.

Helen's interest in technology runs deep. In law school, she was Submissions Manager for the *Harvard Journal of Law and Technology* (*JOLT*) and wrote and edited articles for Harvard's *JOLT Digest*, an online resource for reports on the latest law and technology news. Before law school, Helen graduated summa cum laude from the University of Michigan with a dual major in Electrical Engineering and Computer Science Engineering. Before switching careers, she worked as an engineer at a well-known Silicon Valley firm designing the memory system of graphics cards.

Helen started her legal career at Hogan Lovells. She

+1 415 374 2348, San Francisco
helen.trac@hoganlovells.com

### Practices

Patents

Intellectual Property

Litigation Services

Technology Litigation

### Areas of focus

Class Actions and Group Litigation

### Education and admissions

**Education**

J.D., Harvard Law School, 2012

B.E. Computer Science, summa cum laude, University of Michigan, 2009

B.E. Electrical Engineering, summa cum laude, University of Michigan, 2009

**Bar admissions**

California

Certified Information Privacy Professional (CIPP)

Certified Bitcoin Professional (CBP)

**Memberships**

Co-Chair, AABA Education Committee (2015-2017)

**Court admissions**

U.S. Court of Appeals, Ninth Circuit

U.S. District Court, Central District of California

U.S. District Court, Northern District of California

U.S. Patent & Trademark Office

U.S. Tax Court

rejoined the firm after clerking for the Honorable David Laro at the United States Tax Court. Helen also served as a judicial intern for the Honorable Steven W. Rhodes at the United States Bankruptcy Court of the Eastern District of Michigan prior to joining Hogan Lovells.

Latest thinking and upcoming events

**Publications**

"US Patents and the potential global monopoly effect for software" LimeGreen IP News

"U.S. Energy Disputes: Patents or Trade Secrets? Yes, Please."

"Battle to Unlock the Box" Intellectual Property Magazine

"Tax Dispute Over Coca-Cola's Non-U.S. Trademarks Explained" World Trademark Review Daily

# Edward McNeilly

## Senior Associate, Los Angeles



+1 310 785 4671, Los Angeles
edward.mcneilly@hoganlovells.com

### Practices
Business Restructuring and Insolvency

### Industries
Financial Institutions

Edward McNeilly offers clients exceptional legal counsel as they navigate the complex process of restructuring and insolvency.

Edward draws upon his experience of practicing in the United Kingdom and in the United States to help debtors and creditors resolve their most complex stateside and international issues. Clients recognize Edward's tenacity and ability to develop practical solutions to their most complex matters.

Edward has represented clients in a range of areas in both the United Kingdom and the United States, including bankruptcy proceedings, out-of-court restructurings, and finance deals.

Notably, Edward has taken on a number of pro bono cases, helping clients with issues surrounding immigration and foreclosure.

### Representative experience

- Represented a term lender in restructuring a specialty agriculture company through its restructuring, with the client acquiring majority ownership in the company*

- Successfully obtained dismissal of chapter 13 case for secured creditors and relief from stay when debtor subsequently filed chapter 12 case*

- Represent a major counterparty in The Weinstein Company's Chapter 11 cases

- Represented the Official Creditors Committee of Sears Holding Corporation*

- Represented administrators in the UK administrations of London-listed companies: Afren plc, Africa-focused oil E&P company, and African Minerals Ltd, a company with mining interests in Sierra Leone*

### Latest thinking and upcoming events

### Education and admissions

**Education**

Legal Practice Course, with distinction, BPP Law School, 2012

Graduate Diploma in Law, with distinction, BPP Law School, 2011

Ph.D., University of Cambridge, 2011

M.Phil., with distinction, University of Cambridge, 2007

M.A., with first class honors, University of St Andrews, 2006

**Bar admissions**

California

Washington

Solicitor, England and Wales

**Court admissions**

U.S. District Court, Central District of California

U.S. District Court, Northern District of California

U.S. District Court, Southern District of California

U.S. District Court, Western District of Washington

**Publications**

"The impact of COVID-19 on the hardest hit industries and how to minimize the damage"

"The impact of COVID-19 on the hardest hit industries and how to minimize the damage"

# David Bastian

Senior Associate, Boston



+1 617 371 1022, Boston
david.bastian@hoganlovells.com

David Bastian draws on his trial and appellate experience gained from serving as an associate at a large civil litigation firm, as an assistant district attorney, and as an intern for two Massachusetts judges to advise his clients on criminal and complex civil litigation matters and in government investigations.

He handles cases across a range of industries, including health care, financial services, pharmaceuticals, medical devices, and education. Fluent in German and a dual U.S./German citizen, David is an asset to teams handling matters with international components. David also devotes a significant portion of his time to conviction integrity matters. He is currently handling a pro bono case on behalf of the New England Innocence Project, advocating for an individual who asserts his innocence after being convicted of serious crimes.

Prior to working in private practice, David served as an assistant district attorney in the Appeals and Training Bureau of the Middlesex District Attorney's Office. While there, he argued several cases before the Massachusetts Appeals Court and advised detectives of the Massachusetts State Police on search warrant matters during homicide investigations.

While in law school, David interned for The Honorable Denise J. Casper of the U.S. District Court for the District of Massachusetts and The Honorable Patricia A. Flynn of the Massachusetts Juvenile Court. He was also awarded the Jurisprudence Award for Excellent Achievement in the Study of Professional Responsibility and the Study of Evidence.

## Latest thinking and upcoming events

**Publications**

**Practices**

Employment

Litigation Services

Medical Device and Technology Regulatory

Pharmaceuticals and Biotechnology Regulatory

Investigations, White Collar, and Fraud

**Industries**

Life Sciences and Health Care

TMT

**Areas of focus**

Government Investigations

False Claims Act and Qui Tam

**Education and admissions**

**Education**

J.D., summa cum laude, Suffolk University Law School, 2014

B.A., cum laude, University of Connecticut, 2010

**Bar admissions**
Massachusetts

**Memberships**
Boston Inn of Court

German American Business Council of Boston

**Court admissions**
U.S. District Court, District of Massachusetts

Case: 20-50682    Doc# 1098    Filed: 02/01/21    Entered: 02/01/21 11:40:12    Page 67 of 72

"MAC/MAE clauses and the COVID-19 pandemic: a checklist of things to consider"

"The Southern District of New York expresses concern with government's "outsourcing" of corporate internal investigations"

"Influencer Promo Guide: Best Practices for Drug and Device Firms"

"False Claims Act: 2018 and the road ahead"

"FCA Alert: Medical judgment can be "false" under False Claims Act" FCA Alert

**Languages**

English

German

# Rahmon J. Brown

Law Clerk, New York

Rahmon Brown helps clients navigate the stressful environment inherent with complex restructurings and insolvencies. Whether representing debtors or creditors, Rahmon works with clients to find creative solutions in both in- and out-of-court financially distressed situations.

Rahmon has experience with all facets of large Chapter 11 bankruptcy proceedings. Prior to joining the firm, Rahmon was a law clerk to Hon. John T. Dorsey in the U.S. Bankruptcy Court for the District of Delaware, where he gained valuable experience working on large complex Chapter 11 cases. Prior to that, he clerked for Hon. Hannah L. Blumenstiel in the U.S. Bankruptcy Court for the Northern District of California. Having previously served as a staff attorney to a Chapter 13 Trustee, Rahmon has significant experience with appearing before bankruptcy courts.

Rahmon earned his undergraduate degree in accounting from Alcorn State University and his law degree from Loyola University Chicago School of Law. While in law school, he served as the Publications Editor of the *Loyola Consumer Law Review*. He also served as the Vice-Chair for the Midwest Region of the National Black Law Students Association.

+1 212 918 5814, New York
rahmon.brown@hoganlovells.com

**Practices**

Business Restructuring and Insolvency

**Industries**

Financial Institutions

**Education and admissions**

**Education**

J.D., Loyola University Chicago School of Law, 2017

B.S., Alcorn State University, 2013

**Memberships**

Member, American Bankruptcy Institute

**Court admissions**

U.S. District Court, Northern District of Illinois



# Sara Posner

## Associate, New York

Sara Posner helps clients sort out the legal disturbance that comes from financial restructurings and insolvencies. She began her career at Hogan Lovells as a summer associate in 2017.

In addition to her work within the Business Restructuring and Insolvency team, Sara is passionate about pro bono causes, particularly those related to immigration and women's rights.

While in law school, Sara gained valuable experience as a student attorney for the University of Michigan Law School Unemployment Insurance Clinic and the University of Michigan Law School Human Trafficking Clinic, working with both English- and Spanish-speaking clients. She also served as an articles editor for the *Michigan Journal of Gender and Law*. During the summer after her first year of law school, she was a judicial intern with the Chicago Immigration Court.

### Representative experience

- Represented a holder of a majority in principal amount of notes issued by mortgage origination company Stearns Holdings in connection with its Chapter 11 case.

- Advising U.S. Bank as trustee in connection with the multi-billion dollar restructurings of Puerto Rico's indebtedness, involving over US$10bn face amount of bonds issued by various Puerto Rican public corporations.

- Representation of publicly traded biotech company Achaogen Inc. in its Chapter 11 bankruptcy filing, currently pending in Delaware Bankruptcy Court.

- Representation of All American Oil and Gas Inc. in its Chapter 11 bankruptcy filing, currently pending in the Bankruptcy Court for the Western District of Texas.

- Representing the MexCAT ad hoc bondholder group in respect of the US$6bn of bonds issued by the Mexico City Airport Trust.

+1 212 918 3593, New York
sara.posner@hoganlovells.com

### Practices

Business Restructuring and Insolvency

### Education and admissions

**Education**

J.D., University of Michigan Law School, 2017

B.A., University of Michigan, 2014

**Bar admissions**

New York

**Court admissions**

U.S. District Court, Eastern District of New York

U.S. District Court, Southern District of New York

### Languages

English

Spanish

Case: 20-50682   Doc# 1098   Filed: 02/01/21   Entered: 02/01/21 11:40:12   Page 70 of 72

# Jessica Bigby

## Law Clerk, Washington, D.C.

Jessica Bigby helps clients facing civil, criminal, and administrative investigations involving the federal government. Her clients range from large corporations navigating complex government and internal investigations to higher education institutions facing violations of the Americans with Disabilities Act of 1990.

Prior to and during law school, Jessica spent over a decade at the Department of Defense. Her background in policy, government contracting, and human resources gives her a unique perspective on complex issues related to compliance.

While in law school, Jessica served as an editor for the *Georgetown Journal of Legal Ethics* and gained valuable experience in Georgetown's Civil Litigation Clinic where she assisted with the representation of 17 members of Congress.

+1 202 637 2498, Washington, D.C.
jessica.bigby@hoganlovells.com

### Practices

Investigations

### Industries

Aerospace, Defense, and Government Services

Education

Life Sciences and Health Care

TMT

### Education and admissions

**Education**

B.A., University of Richmond, 2004

M.B.A., The George Washington University, 2010

J.D., Georgetown University Law Center, 2018

# Madeleine Bech

Associate, San Francisco

Madeleine Bech helps clients from a wide range of industries navigate complex government and internal investigations.

She also maintains an active pro bono practice focused on criminal justice and immigration. In particular, Madeleine uses her many years of immigration experience to assist individuals seeking asylum and special immigrant juvenile status in the United States.

Madeleine earned her J.D. from the University of California, Berkeley School of Law, where she was Director of the moot court team and a member of the Berkeley Restorative Justice Committee. She served as a judicial extern to U.S. District Court Judge Haywood S. Gilliam, Jr., in the Northern District of California. She also clerked in the felony division of the San Francisco Public Defender's Office.

Prior to law school, Madeleine wrote visa petitions for people of "extraordinary ability" at immigration firms in San Francisco and Los Angeles. Before that, she was a teacher of comparative religion at a high school in Jordan. Madeleine earned her bachelor's degree in theater and comparative religion from Northwestern University.

+1 415 374 2369, San Francisco
madeleine.bech@hoganlovells.com

**Practices**

Investigations, White Collar, and Fraud

Litigation Services

**Education and admissions**

**Education**

J.D., Prosser Prize, Refugee Law and Processes, University of California, Berkeley School of Law, 2019

B.A., cum laude, Northwestern University, 2007

**Bar admissions**

California