

1  SIDLEY AUSTIN LLP
Samuel A. Newman (SBN 217042)
2  (sam.newman@sidley.com)
Genevieve G. Weiner (SBN 254272)
3  (gweiner@sidley.com)
Julia Philips Roth (SBN 324987)
4  (julia.roth@sidley.com)
555 West Fifth Street
5  Los Angeles, CA 90013
Telephone: 213.896.6000
6  Facsimile: 213.896.6600

7  SIDLEY AUSTIN LLP
Charles M. Persons (admitted *pro hac vice*)
8  (cpersons@sidley.com)
Juliana Hoffman (admitted *pro hac vice*)
9  (jhoffman@sidley.com)
Jeri Leigh Miller (admitted *pro hac vice*)
10  (jeri.miller@sidley.com)
2021 McKinney Avenue
11  Suite 2000
Dallas, TX 75201
12  Telephone: 214.981.3300
Facsimile: 214.981.3400
13
*Attorneys for Debtors and Debtors in*
14  *Possession*

The following constitutes the order of the Court.
Signed: February 3, 2021

M. Elaine Hammond

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

15  **UNITED STATES BANKRUPTCY COURT**

16  **NORTHERN DISTRICT OF CALIFORNIA**

17  **SAN JOSE DIVISION**

18  In re:                                    ) Case No. 20-50682 (MEH)
                                              )
19  WAVE COMPUTING, INC., *et al.*,           ) Chapter 11 (Jointly Administered)
                                              )
20  Debtors.[1]                               )
                                              ) **ORDER APPROVING STIPULATION**
21                                            ) **REGARDING PROPOSED TERM SHEET**
                                              ) **FOR GLOBAL SETTLEMENT**
22                                            )
                                              ) **Related to Docket No. 1105**
23  _____          )

24

25

26

27  _____
[1] The Debtors in these chapter 11 cases are Wave Computing, Inc., MIPS Tech, Inc., Hellosoft, Inc.,
28  Wave Computing (UK) Limited, Imagination Technologies, Inc., Caustic Graphics, Inc., and MIPS
Tech, LLC. The Debtors' mailing address is 3201 Scott Blvd, Santa Clara, CA 95054.

Upon the stipulation (the "Stipulation"),[2] dated February 2, 2021, of Wave Computing, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), Prestige Century Investments Limited ("Prestige"), CIP United Co., Ltd. ("CIP"), Tallwood Technology Partners, LLC ("Tallwood," and together with the Debtors, Prestige, and CIP, the "Parties"); and the relief requested in the Stipulation being in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved.

2. The Term Sheet, which is attached hereto as **Exhibit 1** and fully incorporated herein by reference, is approved.

3. Each of the Parties are bound by the provisions of the Term Sheet, including all obligations and rights set forth therein.

4. Each of the Parties is deemed an intended beneficiary of the Term Sheet.

5. The Parties are deemed to have consented to the Debtors' (or reorganized Debtors', as applicable) assumption of the License Agreements under section 365(a) of the Bankruptcy Code as modified by the Term Sheet, such consent deemed to have occurred upon the execution date of the Term Sheet.

6. The Parties are deemed to have agreed that all of the requirements of section 365(b) of the Bankruptcy Code have been met, including that no cure payment shall be due in connection with the assumption under section 365(a), such consent deemed to have occurred upon the execution date of the Term Sheet.

---

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Stipulation.

2

7.     The CIP cure objection deadlines, including the deposition deadlines, supplemental briefing deadline, and February 9 hearing, are deemed to be mooted by the execution of the Term Sheet and such deadlines and hearing are hereby suspended and cancelled.

8.     Upon confirmation of the Chapter 11 Plan, Proofs of Claim Nos. 56, 57, 58, and 59 shall be disallowed.

9.     Notwithstanding any resolution herein, Proofs of Claim Nos. 56, 57, 58, and 59 are not entitled to vote on the Chapter 11 Plan.

10.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of the Stipulation or this Order.

** END OF ORDER **

## EXHIBIT 1

**Term Sheet**

# PROPOSED TERM SHEET FOR GLOBAL SETTLEMENT

**Once executed, this Term Sheet represents a binding agreement, which remains subject to the satisfactory negotiation and execution of appropriate definitive documentation and the other matters referred to herein.**

<u>OVERVIEW</u>[1]

| | |
|---|---|
| **Purpose of Term Sheet** | The original License Agreements, as defined below, were entered into between Prestige Century Investments Limited ("<u>Prestige</u>") and the predecessor to MIPS Tech, LLC ("<u>MIPS</u>"), and then assigned by Prestige to CIP United Co. Ltd. ("<u>CIP</u>") and Prestige jointly. The purpose of this term sheet (this "<u>Term Sheet</u>") is to represent a commitment of both parties to resolve their prepetition disputes. |
| **Effective Date** | The effective date (the "<u>Effective Date</u>") of this Term Sheet shall occur immediately following (i) entry of the order Confirming the Chapter 11 Plan;[2] (ii) the Effective Date of the Chapter 11 Plan (as defined therein); and (iii) the filing by Debtors[3] of a Notice of Effective Date or similar document which publicly states that the conditions for the Effective Date of the Chapter 11 Plan have been met. |
| **License Agreements** | Upon the Effective Date, the Master Technology License Agreement (the "<u>MTLA</u>"), the MIPS Architecture and Core Technology Schedule for Licensed MIPS Technology (the "<u>Architecture-Core Technology Schedule</u>"), and the MIPS Technology Schedule for License of MIPS Architecture Compatible Cores and Sublicensing Licensed MIPS Cores (the "<u>License-Sublicense Technology Schedule,</u>") and together with the MTLA and the Architecture-Core Technology Schedule, as each may have been be amended, modified, and/or amended and restated from time to time, the ("<u>License Agreements</u>" or "<u>License</u>"), shall be modified as set forth herein. |
| | The parties' rights and obligations under the License Agreements shall remain in effect as expressly set forth in the License Agreements, except to the extent such rights and obligations are expressly modified, amended, or otherwise clarified by this Term Sheet (including by **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** attached hereto and any definitive documentation entered into pursuant to this Term Sheet). |

---

[1] Any capitalized term used but not defined herein shall have the meaning ascribed to such term in the MTLA.

[2] The term "Chapter 11 Plan" shall refer to the *Joint Chapter 11 Plan of Reorganization for Wave Computing, Inc., and its Debtor Affiliates*, and includes all supplements, modifications, or amendments relating thereto.

[3] The term "Debtors" shall refer collectively to Wave Computing Inc., MIPS Tech, Inc., Hellosoft, Inc., Wave Computing (UK) Limited, Imagination Technologies, Inc., Caustic Graphics, Inc., and MIPS Tech, LLC, as debtors and debtors in possession in the chapter 11 cases filed in the United States Bankruptcy Court for the Northern District of California, San Jose Division, and being jointly administered under Case No. 20-50682.

264431970v 9

Case: 20-50682    Doc# 1111    Filed: 02/03/21    Entered: 02/03/21 14:19:38    Page 5 of 26

**No Cure Payment**    The parties agree that assumption of the License Agreements pursuant to this Term Sheet shall not give rise to any cure costs under Section 365(b)(1)(A) of the Bankruptcy Code.





**Buyout of License Agreements**   Prestige shall pay to MIPS a total of $19 million, plus the associated withholding tax (as set forth in the Taxes provision below) in payments under the terms and conditions set forth below (the "Buyout") in full satisfaction of (1) all future royalty, license fee, and support and maintenance obligations under the License Agreements; and (2) any disputes, existing as of the Effective Date, regarding obligations owed by MIPS to CIP or Prestige under the License Agreements.

264431970v 9



4



264431970v 9
Case: 20-50682    Doc# 1111    Filed: 02/03/21    Entered: 02/03/21 14:19:38    Page 9 of
26



**Mutual Releases**

Effective upon execution of this Term Sheet, CIP and Prestige (1) consents to the Assumption of the License Agreements by the

Reorganized Debtors (as such term is defined in the Plan); (2) agrees
that no cure payment shall be due in connection with the assumption.





**Effect of Settlement**

Nothing in this Term Sheet supersedes or modifies any obligation of CIP or the Reorganized Debtors (as such term is defined in the Plan) under the License, except as expressly and unambiguously set forth in this Term Sheet.

Dated: February 2, 2021

MIPS TECH, LLC

/s/ Sanjai Kohli

By: Sanjai Kohli
Title: Chief Executive Officer



**Effect of Settlement**  Nothing in this Term Sheet supersedes or modifies any obligation of CIP or the Reorganized Debtors (as such term is defined in the Plan) under the License, except as expressly and unambiguously set forth in this Term Sheet.

Dated: February 2, 2021

PRESTIGE CENTURY INVESTMENTS LIMITED

/s/
By: KC Shih
Title: Director

CIP UNITED CO., LTD.

/s/
By: KC Shih
Title: Chief Operating Officer

MIPS TECH, LLC

/s/
By: Sanjai Kohli
Title: Chief Executive Officer

**Exhibit 1**

**Clarification of Parties' Rights Under License Agreements**





264431970v 9

**Exhibit 2**

**License Deliverables**

**<u>Exhibit 3</u>**

**IP Security Questionnaire**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>COURT SERVICE LIST</u>**

ECF Parties by ECF.